SARAH E. WELLER, Respondent, *v.* CONSOLIDATED GAS
    COMPANY OF NEW YORK, Appellant.

Negligence — a merchant is not required to light equally every
    part of a stairway leading from one part of his premises to
    another — reasonable care is the measure of his duty — contribu-
    tory negligence of customer injured by fall on stairway of a
    store.

A merchant maintaining and operating a wareroom for the exhibition and
    sale of his goods to intending customers is not required under all cir-
    cumstances to light equally every part of a stairway leading from one
    part of his premises to another. The extent of his obligation in this
    respect depends upon the construction and situation of the stairway.
    The measure of his duty is reasonable care and prudence, and he is
    bound to exercise reasonable care to keep his premises safe for the
    ingress, progress and egress of authorized visitors. It is ordinarily
    sufficient to light such a stairway enough to disclose its existence and
    character.
Where there is an obvious descent in a passageway which the visitor is
    about to enter, the very fact that the light therein is not uniform
    imposes upon the visitor the duty to proceed with circumspection and
    not move blindly on, regardless of what may be ahead. A person
    who knowingly approaches a step, beyond which is a darkened space,
    may not assume that such space is level and proceed without the exer-
    cise of any care to ascertain whether it is or not. If he does so, he does
    it at his own risk.
*Weller* v. *Consolidated Gas Co.*, 128 App. Div. 924, reversed.

(Argued February 21, 1910; decided March 4, 1910.)

APPEAL from a judgment of the Appellate Division of the
Supreme Court in the first judicial department, entered
November 12, 1908, affirming a judgment in favor of plain-
tiff entered upon a verdict and an order denying a motion for
a new trial.

The nature of the action and the facts, so far as material,
are stated in the opinion.

*John A. Garver* for appellant. The owner of a building
is under no duty to light it, even where he invites the public

to enter. (*Gorman* v. *White*, 19 App. Div. 324; *Dailey* v. *Distler*, 115 App. Div. 102; *Robinson* v. *Crimmins*, 120 App. Div. 250; *Lather* v. *Bammann*, 122 App. Div. 13; *Hilsenbeck* v. *Guhring*, 131 N. Y. 674; *Piper* v. *N. Y. C. & H. R. R. R. Co.*, 156 N. Y. 224; *Brugher* v. *Buchtenkirch*, 167 N. Y. 153.) That this passageway was safe and properly lighted is evident from the fact that although it was in constant use, no previous accident had occurred. This in itself rebutted any inference of negligence. (*Dougan* v. *C. T. Co.*, 56 N. Y. 1; *Crocheron* v. *N. S., etc., F. Co.*, 56 N. Y. 656; *Cleveland* v. *N. J. S. Co.*, 68 N. Y. 306; *Loftus* v. *U. F. Co.*, 84 N. Y. 455; *Hubbell* v. *Yonkers*, 104 N. Y. 434; *Lafflin* v. *B., etc., R. Co.*, 106 N. Y. 136; *Stringham* v. *Hilton*, 111 N. Y. 188.) Plaintiff was chargeable with contributory negligence. (*Brugher* v. *Buchtenkirch*, 167 N. Y. 153; *Lather* v. *Bammann*, 122 App. Div. 13.) Where a passageway is not lighted at all, it is the duty of a person to proceed carefully; and it is contributory negligence to go forward without exercising every reasonable precaution. (*Jucht* v. *Behrens*, 7 N. Y. Supp. 195.)

*Charles Caldwell* for respondent. The defendant was guilty of negligence and failed in the duty it owed plaintiff. (*Larkin* v. *O'Neil*, 119 N. Y. 225; *Flynn* v. *C. R. R. Co.*, 142 N. Y. 439; *Bretsch* v. *Plate*, 82 App. Div. 399; *Fogarty* v. *Bogart*, 43 App. Div. 431; *Boyce* v. *Man. Ry. Co.*, 118 N. Y. 314; *Ayres* v. *D., L. & W. R. R. Co.*, 158 N. Y. 254; *Flanagan* v. *A. L. Co.*, 37 App. Div. 481; *O'Sullivan* v. *Norwood*, 10 Daly, 286; *Flagg* v. *M. R. Co.*, 17 J. & S. 251; *Beck* v. *Carter*, 68 N. Y. 283.) Plaintiff was not guilty of contributory negligence. (*Quirk* v. *S. Cooper Co.*, 43 App. Div. 466; *Cooley* v. *Trustees Brooklyn Bridge*, 46 App. Div. 245; *Graham* v. *Bauland Co.*, 97 App. Div. 143; *McRickard* v. *Flint*, 114 N. Y. 228.)

WILLARD BARTLETT, J. It is a part of the defendant's business to manufacture and sell or rent gas stoves. The

defendant maintains a wareroom for the display of such stoves adjoining its principal office in the city of New York. The floor of this wareroom is fourteen inches lower than the floor of the principal office and is connected therewith by a passageway in which there is a descent of two steps, each seven inches in height. The plaintiff fell and was injured on the second of these steps while making her way into the stoveroom, which was lighted by a chandelier sufficiently to enable her to see the first step, but, as she testifies, not sufficiently to disclose the presence of the second step. According to her testimony this second step was in shadow so that she thought she had reached the level of the wareroom floor when she lost her footing in consequence of her failure to perceive that there was another step.

The lack of light enough to reveal this second step is the gist of the plaintiff's cause of action. There is a conflict of evidence as to the number of burners which were lighted on the chandelier in the wareroom at the time of the accident; but whatever the number, it is undisputed that the chandelier furnished sufficient light to acquaint the plaintiff with the fact that there was a difference in the level of the floors and that she must step down in order to proceed safely from the principal office to the room containing the gas stoves. She saw one step of the descent in the passageway. Beyond this she says her way led into a dark shadow extending three feet out on to the floor beyond. The defendant has been held liable for the existence of this shadow.

The underlying proposition upon which the judgment rests must be that the law imposes upon the defendant the duty of lighting equally every part of the stairway of two steps leading from one part of its premises to another. In our opinion the law does not go as far as this in the case of a merchant maintaining a wareroom for the exhibition and sale of his goods to intending customers. He is bound to exercise reasonable care to keep his premises safe for the ingress, progress and egress of authorized visitors. The measure of his duty has been expressly held to be reasonable prudence and care.

(*Larkin* v. *O'Neill*, 119 N. Y. 221.) It may be conceded that this obligation involves the maintenance of a sufficient degree of light to disclose differences of floor levels in apartments which strangers are invited to visit. In the case at bar this obligation was observed. The plaintiff knew that the floor of the stoveroom was lower than the floor of the principal office. There was light enough to show this and also to show her the first step. The defendant was justified in assuming that it was also sufficient to acquaint her with the presence of the second step ; for no accident had ever occurred there, although the passage had been traversed daily by one hundred and fifty persons, other than those employed by the defendant, for months before the plaintiff fell.

Under all the circumstances attending and surrounding the accident, we think there was no evidence sufficient to permit the jury to find that the defendant had failed to perform any duty which it owed to the plaintiff. A rule of law which required all stairways of whatever length in every shop, store, hotel or building to which the public are invited to be uniformly lighted throughout their whole length would impose a burden much greater than is required for the protection of the community. It is ordinarily sufficient to light such a stairway sufficiently to disclose its existence and character. The persons who make use of it can reasonably be expected to exercise their faculties to some extent in order to ascertain its precise length. Where, as in the case at bar, there is an obvious descent in a passageway which the visitor is about to enter, the very fact that the light therein is not uniform imposes upon the visitor the duty to proceed with circumspection and not move blindly on regardless of what may be ahead. A person who knowingly approaches a step beyond which is a darkened space may not assume that such space is level and proceed without the exercise of any care to ascertain whether it is or not. If he does so, he does so at his own risk. (*Dailey* v. *Distler*, 115 App. Div. 102, and cases there cited.) Although the plaintiff was fully aware of the

presence of the first step, her testimony does not really show that she took any precaution whatever to ascertain whether or not there was another. We think she failed to prove the exercise of any degree of care on her own part, and such proof was essential to make out her cause of action.

For these reasons we conclude that the judgment must be reversed and a new trial granted, with costs to abide the event.

CULLEN, Ch. J., EDWARD T. BARTLETT, HAIGHT, VANN and CHASE, JJ., concur; GRAY, J., not sitting.

Judgment reversed, etc.