### KIPP v. F. W. WOOLWORTH & CO.

(Supreme Court, Appellate Division, Second Department. April 4, 1912.)

NEGLIGENCE (§ 134*)—STORES—SLIPPERY FLOORS—EVIDENCE.

In an action against a merchant for injury to a customer, who fell on the store floor, evidence *held* insufficient to show that defendant negligently permitted the floor to become slippery.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 267–273; Dec. Dig. § 134.*]

Hirschberg and Rich, JJ., dissenting.

Appeal from Trial Term, Rockland County.

Action by Mary E. Kipp against F. W. Woolworth & Co. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed, and new trial granted.

Argued before JENKS, P. J., and HIRSCHBERG, WOODWARD, BURR, and RICH, JJ.

Earle W. Webb (Joseph F. Murray, on the brief), for appellant.
Frank Comesky, for respondent.

WOODWARD, J.  On Friday, the 6th day of August, 1909, the plaintiff, with her sister, entered the store of defendant for the purpose of making some small purchases.  They were directed to the proper counter for their purposes, and while standing in front of the counter they were approached by an employé of the store who was engaged in sweeping the floor.  The plaintiff, as she says, to avoid the dirt being pushed forward by the sweeper, stepped to one side, and in doing so fell, sustaining injuries for which the jury has awarded her a verdict of $2,000.

The plaintiff testified, not that there was a pool of oil, as is assumed in respondent's brief, but that there was a spot of oil upon the floor, about three feet long and about the same width, and that she slipped upon this oily spot.  Whether this oily spot was merely a surface oiling, or whether there was a pool of oil, does not appear from the evidence; but the fairest inference from the testimony is merely that the floor was in a measure greasy at this particular point.  The only evidence of any oil being used by the defendant is found in the testimony of Joseph Roseff and William Reid, both of whom were employés of the defendant, and they testify that the custom was to oil the floors of the store with oil commonly used for such purposes, on Friday night or Saturday night, and that the last time the floors of that store were oiled prior to the accident was on the Saturday prior to the accident, which happened on Friday at about 1:30 p. m., and that after the oiling the floor was sprinkled with sand, which was swept off, and that the floor was swept twice each day, so that the entire floor must have been under the broom many times between the oiling and the happening of the accident.  This evidence is undisputed.  There is absolutely no evidence that the defendant had made any pool of oil upon the floor, and there is not a particle of evidence that the condition described by the plaintiff had existed for one minute prior to her falling.  So far as the evidence discloses, the oil (if it was oil) may have been poured on the floor, or leaked on the floor, from a can in the hands of any one of the many people who were concededly in and out of this store during the day, and there was clearly no warrant for permitting the jury to guess upon this question.

The respondent in her brief attempts to argue that the defendant's floor sweeper had been oiling the floor on that Friday afternoon, and that he was trying to cover up the spot by sweeping over it; but there is not the slightest testimony upon which an assumption of this kind can be formed, and the uncontradicted evidence is that the store floor was oiled Friday or Saturday nights, and that the last time prior to the happening of this accident was on Saturday night.  The defendant had a right to oil its floors in the usual way.  No negligence could be predicated upon that, and unless it permitted pools of oil to form, it would not be liable simply because some one happened to slip upon an oiled spot, unless it had some notice of its dangerous condition.  Thousands of people patronized this store every day.  No one else is shown to have fallen there.  No one claims that any one else ever fell by reason of the oiling of the floors in

the manner described by the defendant, and the evidence does not fairly disclose any extraordinary condition; for it is difficult to spell out from the plaintiff's testimony that there was anything more than a discoloration of a space on the floor with oil. Her sister, who was with her, testifies perhaps a little stronger; but the fair inference from the evidence is merely that at this particular point the oil had not been as fully absorbed by the floor as was general, and there is no evidence that this was apparent to ordinary observation, or that there was anything which would naturally give notice to the defendant of the alleged dangerous condition.

There was a clear lack of evidence to support the plaintiff's cause of action, and the complaint should have been dismissed.

The judgment and order appealed from should be reversed, and a new trial granted; costs to abide the event.

JENKS, P. J., and BURR, J., concur. HIRSCHBERG and RICH, JJ., dissent.