### KAUFMAN v. YOUNG.

(Supreme Court, Appellate Term, First Department. March 13, 1916.)

LANDLORD AND TENANT ⬤⟞164(1)—PERSONAL INJURY TO TENANT—NEGLIGENCE.

The owner of a tenement house, whose employé washed slate steps at 6 o'clock on Sunday morning and left them wet and slippery, but who used no oil in the cleaning and permitted no water to collect in puddles, was not negligent, and hence was not liable to a tenant injured by slipping on the steps.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 630, 634; Dec. Dig. ⬤⟞164(1).]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Estelle Kaufman, an infant, by Abraham Kaufman, her guardian ad litem, against Louis Young. From a judgment dismissing the complaint on the merits at the close of the case, plaintiff appeals. Affirmed.

Argued February term, 1916, before LEHMAN, WEEKS, and DELEHANTY, JJ.

Samuel G. Litwin, of New York City (J. Nathan Helfat, of New York City, of counsel), for appellant.

Amos H. Stephens, of New York City (Samuel L. Sargent, of New York City, of counsel), for respondent.

LEHMAN, J. The plaintiff testified that the stairs were "oily and slippery." The only evidence connecting the defendant with this condition is that an hour before the accident, at about 6 o'clock, an employé of the defendant washed down the steps, as she did on every other Sunday morning, and that she left the steps "wet and slippery." There is no testimony that she used any oil in the cleaning, or that she permitted any water or other substance to collect in puddles; on the contrary, it affirmatively appears that the steps were of slate, and that the employé washed them down with a "wet rag."

I know of no method by which slate steps can be washed without leaving them wet. The only question, therefore, that the trial justice could have left to the jury, is whether it is negligent for the owner of a tenement house to wash slate steps at 6 o'clock each Sunday morning. I do not think that, under any view of what constitutes reasonable care, such an act could be considered as negligent, and the trial justice properly refused to leave the question to the jury.

Judgment affirmed, with $25 costs. All concur.