MARTIN ROM, APPELLANT, v. FRANK HUBER, DOING
BUSINESS AS HUBER'S TURKISH BATHS, RESPOND-
ENT.

Argued June 4, 1919—Decided November 5, 1919.

The proprietor of a bath establishment owes to his customers a duty
to exercise reasonable care to maintain the premises in a safe
condition. His duty to his patrons is satisfied when he uses
reasonable care to maintain the premises in a safe condition, for
their proper use by the patrons. He does not insure the safety
of his patrons against accident. The maxim *res ipsa loquitur*
has no application to the facts of this case. The condition that
produced the accident must have been in fact brought to the pre-
vious notice of the proprietor or failing in proof of such actual
notice, that the condition had existed for such a space of time as
would have afforded the proprietor sufficient opportunity to make
proper inspection as to the safety of the place. Following
*Schnatterer* v. *Bamberger Co.*, 81 N. J. L. 558.

On appeal from the Essex Common Pleas.

Before GUMMERE, CHIEF JUSTICE, and Justices MINTURN
and BLACK.

For the appellant, *Kalisch & Kalisch.*

For the respondent, *Raymond, Clancy, Marsh & Ellis.*

The opinion of the court was delivered by

BLACK, J.  The defendant in this case was sued to recover
damages for personal injuries.  The trial resulted in a ver-
dict for the defendant.  The essential and undisputed evi-
dence in the case is, that the plaintiff, Martin Rom, on the
night of February 21st, 1918, went to a Turkish bath estab-
lishment conducted by the defendant, Frank Huber, in the
city of Newark, for the purpose of taking a bath.  After
spending some time in the office and paying the required fee,
he went to the place provided for undressing and from there
to the hot room and later on to the steam room.  It is further

undisputed that while in the steam room the plaintiff fell and sustained the injuries for which he brought the suit. The plaintiff was the only witness to testify to the circumstances of the fall. His testimony is that he proceeded directly from the hot room to the door of the steam room. As soon as he opened the door he looked down and saw a white spot which looked like soap. Before he could change his step he stepped on it, slipped and fell; the allegation is that the defendant was negligent in allowing the soap to be on the floor. The defendant, therefore, should be chargeable for the injuries sustained.

The plaintiff assigns four reasons why the judgment entered should be set aside and reversed. Two refer to the charge of the trial judge and two to his refusal to charge as requested.

The passage in the charge complained of is based directly upon the decision of the Court of Errors and Appeals in the case of *Schnatterer* v. *Bamberger & Co.*, 81 *N. J. L.* 558. The injury sustained in that case was by a customer tripping in a department store, in the city of Newark. The trial judge in this case charged the jury the principles of law applied in that case, viz., that the defendant's duty to the plaintiff was to exercise reasonable care to maintain the premises in a safe condition. His duty to the plaintiff was satisfied when he used reasonable care to maintain the premises in a safe condition for the proper use by the plaintiff. The defendant is not an insurer of the safety of his patrons against accidents. It must appear that the condition which produced the fall had either been in fact brought to the previous notice of the defendant, or failing in proof of such actual notice, that the condition had existed for such a space of time as would have afforded the defendant sufficient opportunity to make proper inspection as to the safety of the place.

The argument of the plaintiff is, that the two cases are distinguished in principle; and that the Bamberger case is not applicable. The question which the trial court should have submitted to the jury was whether the defendant by his employes was responsible for the presence of the soap in the steam

room, and by reason of its presence on the floor the plaintiff was injured. The principle applied by the trial judge is illustrated in many cases in our courts, such as *Higgins* v. *Goerke-Krich Co.,* 91 *N. J. L.* 464; *MacDonough* v. *Woolworth Co., Id.* 677. The maxim or doctrine of *res ipsa loquitur* has no application to the facts of this case. *Conover* v. *Delaware, &c., Railroad Co.,* 92 *Id.* 602. The other reasons assigned for reversal have no legal merit. They require no extended discussion. There being no error in the record the judgment is therefore affirmed, with costs.