ANNA KERSTEIN, Respondent, *v.* MORRIS GOODMAN, Appellant.

Supreme Court, Appellate Term, First Department, November 11, 1927.

Landlord and tenant — injuries to person — plaintiff slipped on soap suds on stairs and fell, suffering injuries — accident happened at time stairs were being cleaned by janitor — defendant not negligent for having stairs wet and slippery at time of accident — judgment reversed.

In this action to recover for personal injuries suffered by plaintiff when she slipped on the stairs leading to her apartment and fell, it appears that the accident happened at a time when the stairs were being cleaned by the defendant's janitor and were covered with soap suds. Since the mere fact that soap suds were on the stairs and the steps became slippery during the process of washing did not make out a cause of action against defendant, a judgment in plaintiff's favor must be reversed.

APPEAL by defendant from judgment of the Municipal Court, Borough of Manhattan, Seventh District, entered on decision of justice in favor of plaintiff.

*E. C. Sherwood* [*James O. Denniston* of counsel], for the appellant.

*William H. E. Jay, Jr.,* for the respondent.

LYDON, J.   Plaintiff has recovered a judgment for personal injuries sustained in falling down the stairs in defendant's tenement house.   She testified that the stairway leading from the first floor to the ground floor was marble stone, that it looked like marble; that she walked down the stairs on her way to business and slipped and fell down; that there was a pail of water on the stairs; that she tried to hold on to the banister but the pail was in the way and she slipped on the step the pail was on and fell down the balance of the stairs; that the stairs were "wet and very slippery, like soap suds were on it;" that she saw that the steps were wet; soap suds were on the stairs; that at the time plaintiff fell defendant's janitor was at the landing below.   Asked on cross-examination: "You don't know what caused you to slip, do you?" plaintiff answered: "Well, the stairs were wet, evidently."   Plaintiff said

that the accident happened between eight-thirty and a quarter to nine o'clock in the morning, which is ordinarily a time when most people who live in the uptown district, in which the premises are situated, have left their apartments for downtown business such as the plaintiff's.

I am of opinion that it was error to award plaintiff judgment. In *Curtiss* v. *Lehigh Valley R. R. Co.* (194 App. Div. 931) the Appellate Division, Third Department, affirmed a judgment obtained by plaintiff in an action to recover damages for injuries sustained in falling upon the floor of defendant's railway station; but the Court of Appeals (233 N. Y. 554) reversed the judgment and dismissed the complaint on the dissenting opinion of Mr. Justice H. T. KELLOGG, who said: " The floors in a railway station must frequently be washed, and they cannot be washed without becoming to some extent wet and slippery. Therefore, it is difficult to see wherein the defendant was in any wise negligent for having wet and slippery floors at the moment of the accident." (See *Kipp* v. *Woolworth & Co.*, 150 App. Div. 283; *Kaufman* v. *Young*, 157 N. Y. Supp. 778; *Siegel* v. *Balik*, 217 App. Div. 396.)

In the case before us it was the landlord's duty to keep the stairways clean, and I think we may fairly assume that they could not be cleaned without the use of soap and water, it being admitted by defendant's janitor that she used washing powder in the water so as to make it soapy.

It is clear, therefore, that the mere fact that soapsuds were on the stairs and that the step was very slippery during the process of washing the stairs did not make out a cause of action against the defendant. The facts are distinguishable from those in *Bussue* v. *Wagner Leasing Co., Inc.* (202 N. Y. Supp. 711), wherein it appears that the stairs had been washed half an hour before the accident, and this court held, reversing a judgment entered upon a dismissal by the trial court, that plaintiff made a showing sufficient to put defendant to its proofs. In arriving at that result it is to say the least doubtful whether the court's attention was called to its prior decision in *Kaufman* v. *Young* (157 N. Y. Supp. 778), for it seems to me that on the authority of the *Kaufman* case the dismissal by the trial court could have been sustained.

It follows that the judgment must be reversed, with thirty dollars costs, and the complaint dismissed on the merits, with costs.

All concur; present, DELEHANTY, LYDON and CRAIN, JJ.