GRACE MONA, Respondent, *v.* FREDERICK ERION and Others, Individually and as Copartners Doing Business under the Firm Name and Style of " ERION PIANO Co.," Appellants.

Fourth Department, May 2, 1928.

Negligence — what constitutes — plaintiff slipped and fell in defendants' store — basis of action is that plaintiff slipped on greasy spot on floor — verdict in favor of plaintiff is contrary to evidence — testimony of witness that she slipped on same floor was not competent.

The plaintiff entered defendants' store, made a purchase, and while returning over the same route fell and suffered the injuries for which she is seeking damages. The plaintiff testified that she slipped on a patch of oil on the floor but the evidence on behalf of the defendants shows that there was no free oil on the floor at the place where plaintiff fell. It does appear, however, that the defendants used an oil preparation on their floors and that the floor had been oiled about two weeks before the accident, but had been mopped dry after the application of the oil.

The verdict of the jury is contrary to the evidence, for the plaintiff was bound to establish that the defendants failed to perform their duty of exercising reasonable care to keep the premises safe for customers and failed to show that if there was oil at the place in question how it came to be there, and whether or not it was placed there by those in the employ of the defendants, and if not, that the defendants were chargeable with notice that it was there. The mere existence of an oil spot on the floor and the fact of the fall of the plaintiff does not establish negligence on the part of the defendants. The deficiency in plaintiff's proof is not supplied by evidence that the floor was oiled occasionally.

The testimony of a witness that some time prior to the accident she slipped on the floor in defendants' store, from an unknown cause, but did not fall, was incompetent.

. APPEAL by the defendants from a judgment of the Supreme Court, entered in the office of the clerk of the county of Erie on the 15th day of September, 1927, and also from an order entered in said clerk's office on the 14th day of September, 1927.

*Harold J. Adams* [*Percy R. Smith* of counsel], for the appellants.

*John J. Brown* [*Irving W. Cole* of counsel], for the respondent.

SAWYER, J. Plaintiff entered defendants' store as a customer and claims that while there she slipped on a patch of oil " about the size of a grapefruit " and fell, receiving the injuries for which she has judgment.

She says that on entering the store she proceeded down one of the aisles to a small room at the rear where music rolls were kept. Having procured one of these, she started to leave the store by the same route and had gone but a short distance when the accident occurred.

None of defendants' employees were at the point of the accident but some of them heard the fall and came to her assistance. She was helped to arise and seated in a chair. She then, for the first as she says, noticed this spot of oil about two feet in front of her on the floor, with a streak running through it and extending for about a yard, indicating where her heel had slipped. She also describes this spot as being about a tenth of an inch in depth.

It appears that the store is maintained for the sale of pianos, victrolas and similar merchandise; that its floor is of maple and that from time to time is oiled, apparently for the purpose of preventing floating dust. Defendants use for that purpose a certain preparation manufactured especially to accomplish that end and at the same time to avoid a slippery surface from remaining on the floor.

The undisputed evidence is, that the last time this oil was applied was somewhere from two to four weeks before the plaintiff's fall, when, after its application, it was mopped perfectly dry. A number of witnesses were called in behalf of defendants, some of whom were, and others had been, employees of the store and all of whom testified that there were no pools of oil upon the floor at the time of the accident but that on the contrary same was entirely dry and not slippery.

Those who assisted Mrs. Mona had their attention particularly directed to the place of the accident and stated that they examined the floor carefully; that not only was there no such spot of oil as she describes but that the floor was dry and upon testing it with their feet they found it not to be slippery and were unable to discover any reason why she should have fallen.

The measure of defendants' duty is that of reasonable care and

prudence; they are bound to exercise reasonable care to keep their premises safe for the ingress, progress and egress of customers and other authorized visitors. (*Weller* v. *Consolidated Gas Co.*, 198 N. Y. 98.) Plaintiff was bound to establish that this duty was violated and we think she failed to do so. Viewing the case as a whole the verdict for plaintiff is entirely against the weight of the evidence. The existence of a spot of oil such as is described by plaintiff does not, in and of itself, establish a cause of action, notwithstanding she may have fallen thereon. The store had been in constant use since the floor dressing had been last applied, at least two weeks before, and since when it is reasonable to suppose it had been swept as often as once daily. No attempt is made to show how or by whom the oil spot was created nor as to how long it had existed — so far as appears it may have come into existence between the time that plaintiff entered the store and when she started to leave and may have been caused by some person having no connection whatsoever with defendants. As has been said, it is not sufficient for her to show that the oil was there, she must go further and show its presence under circumstances sufficient to charge defendants with responsibility therefor. (*Ruppert* v. *Brooklyn Heights R. R. Co.*, 154 N. Y. 90; *Kipp* v. *Woolworth & Co.*, 150 App. Div. 283; 163 id. 920; *Lavine* v. *United Paper Board Co.*, 243 N. Y. 631.) This she makes no attempt to do but rests her case solely on the existence of the oil spot and her fall. The fact that defendants from time to time oiled this floor is not, of itself, proof of negligence and in no manner supplies the deficiency of plaintiff's proof. (*Abbott* v. *Richmond County Country Club*, 211 App. Div. 232; affd., 240 N. Y. 693; *Curtiss* v. *Lehigh Valley R. R. Co.*, 233 id. 554; *Kerstein* v. *Goodman*, 130 Misc. 714; *Kaufman* v. *Young*, 157 N. Y. Supp. 778.)

We do not understand that the case of *Moore* v. *Mohican Company* (184 App. Div. 962) runs counter to the conclusion we have reached in the instant appeal. There the question presented was as to the suitability of the oil used by defendant on its floors and the method of application. This plaintiff complains, not of the general condition of the floor or of the kind of oil used, but of a single and isolated spot of oil upon a floor otherwise in reasonably safe condition.

Defendants' motion for a direction of a verdict in their favor should have been granted and the judgment cannot be permitted to stand. Inasmuch as a new trial must be had we should perhaps also say that we find nothing in the case which would make the testimony of the witness Loichinger competent. Doubtless evidence of previous accidents at about the same place from the same or similar causes is competent in actions of this character, and possibly

such testimony may be introduced to impeach the credibility of witnesses denying knowledge of prior accidents. The evidence in question met neither of these conditions. The most that can be said of it is that the witness, some three or four months before, fell in the center of the same store, from an unknown cause and, as far as appears, recovered her equilibrium and left the premises without knowledge by any one, except herself, of her mishap.

Other alleged reversible errors are called to our attention but it seems unnecessary to go further.

The judgment and order should be reversed on the law and the facts and a new trial granted, with costs to appellants to abide the event.

All concur. Present — HUBBS, P. J., CLARK, SEARS, TAYLOR and SAWYER, JJ.

Judgment and order reversed on the law and facts and a new trial granted, with costs to appellants to abide event.