[Crim. No. 2543.  Second Appellate District, Division One.—July 16, 1934.]

THE PEOPLE, Respondent, v. DAN J. MURPHY, Appellant.

Alexander L. Oster for Appellant.

U. S. Webb, Attorney-General, and John D. Richer, Deputy Attorney-General, for Respondent.

CONREY, P. J.—Under an information charging the defendant with the crime of petty theft with prior conviction of a felony, to wit, robbery, the evidence proved that defendant committed the crime of petty theft in the county of Los Angeles, and that theretofore, in a court of competent jurisdiction in the state of Montana, he had been convicted of the crime of robbery and had served a term of imprisonment therefor in a penal institution.

The sole ground of appeal upon which defendant relies is found in his claim that the evidence is insufficient to support the verdict in this, that the evidence produced to establish the fact that he served a term of imprisonment pursuant to his conviction of robbery in Montana was insufficient to prove that fact. The particular detail of alleged insufficiency of the evidence is presented in the form of a claim by appellant that the certificate of the warden attached to the copy of commitment to the state penitentiary of Montana, which was received in evidence at the trial of

this action, failed to certify that said warden was the official custodian of such record. (Sec. 969b, Pen. Code.) The document as certified by the warden stated that *in his legal custody, as such officer,* are the original files and records of persons heretofore committed to said penal institution; that the attached documents are copies of the original records of Dan Murphy, No. 7877, "a person heretofore committed to said penal institution, and who served a term of imprisonment therein; that I have compared the foregoing and attached copies with their respective originals now on file in my office and each thereof contains, and is, a full, true and correct transcript and copy from its said original". In accordance with our own statute (Code Civ. Proc., sec. 1875, ubd. 3), we take judicial notice of the fact that under the laws of Montana (Rev. Codes Mont., 1921, sec. 12440), the warden of the state prison is the legal custodian of its records.

It appears to us that the appeal is frivolous and wholly without merit. The judgment and the order denying motion for new trial are, and each of them is, affirmed.

Houser, J., and York, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 13, 1934.