BERTINE COOK, Respondent, v. THE GREAT ATLANTIC AND PACIFIC TEA COMPANY, Appellant.*

ARBOR COOK, Respondent, v. THE GREAT ATLANTIC AND PACIFIC TEA COMPANY, Appellant.*

Fourth Department, March 13, 1935.

*Stephen K. Pollard* [*Carlyle B. Newcomb* of counsel], for the appellant.

*Walter S. Forsyth,* for the respondents.

* Affd., 268 N. Y. ——.

CROSBY, J. Plaintiff, Mrs. Cook, has recovered a verdict against defendant for $285, and her husband has a verdict for $500. The verdicts grow out of an injury which Mrs. Cook received by slipping and falling on the floor of defendant's store. Taken at its best, and disregarding the evidence produced by defendant, Mrs. Cook's testimony supports a finding that she slipped on some cottage cheese that had dripped onto the floor from an over-filled pan of cottage cheese that was standing on a counter near an aisle along which she walked in a careful manner.

The duty of defendant was to keep the premises, to which it invited customers, in a reasonably safe condition. (*Mona* v. *Erion*, 223 App. Div. 526.)

It has been said by our Court of Appeals that " Liability does not arise unless the dangerous condition is known, or with the exercise of due care ought to have been known." (*Junkermann* v. *Tilyou Realty Co.*, 213 N. Y. 404, 408.)

The only evidence in the record offered to show that defendant knew that the slippery substance was on the floor, or that it had been there for a sufficient length of time so that defendant, in the exercise of diligence, ought to have known it, is found in the testimony of Mrs. Cook. She testified that after slipping and falling she had a conversation with a man behind the counter. She testified that this man " had a white coat on," and " was arranging the food there." We will assume that the man was sufficiently identified as one of defendant's employees. She testified that she told this man that she had slipped on the slippery substance, and had sustained injury and that he had " better clean it up before someone else falls," and that the man answered, " I have told someone to clean it up." Due objection was made to this conversation, and exception taken to its reception, and an exception was taken to the court's ruling in denying a motion to strike it from the record.

The sole question on this appeal relates to the propriety of this evidence. We are assuming that the man who said, " I have told someone to clean it up," was an employee of defendant, and very likely the one who was responsible for the condition complained of. His subsequent statement was not a part of the *res gestæ*. (*Luby* v. *Hudson River R. R. Co.*, 17 N. Y. 131; *Burke* v. *Borden's Condensed Milk Co.*, 98 App. Div. 219; *Burns* v. *Borden's Condensed Milk Co.*, 93 id. 566; *Walsh* v. *Carter-Crume Co., Ltd.*, 126 id. 229; *Vadney* v. *United Traction Co.*, 188 id. 365; *Clapper* v. *Town of Waterford*, 131 N. Y. 382; *Waldele* v. *N. Y. C. & H. R. R. R. Co.*, 95 id. 274, reviewing many authorities.)

These authorities hold that had defendant's employee been called by defendant to testify, and had he denied having made the

statement which plaintiff says he made, then, for the purpose of discrediting him, the plaintiff could have proven his statement. But here plaintiff, as a part of her case, proves a statement made by defendant's employee, in order to charge defendant with notice of a dangerous condition of its floor. The trial court stated, in the record, that the statement was not thought to be a part of the *res gestæ*, but was admitted as showing that defendant's employee had knowledge that the dangerous condition had existed for some time. This is proceeding on the theory that knowledge which the employee had is knowledge of the defendant. Even assuming that to be true, the error is in the manner of proving it. Plaintiff is seeking to prove that defendant had knowledge of a dangerous condition of its floor, because the condition had existed long enough to have been discovered by the exercise of care. Plaintiff seeks to prove it by hearsay. She does not know the fact, she produces no witness who knows, she only swears that a man told her, and, even assuming that the man who told her was an employee of defendant, there is nothing to show that he had authority to bind defendant by admissions which were not a part of the *res gestæ*.

The judgments and orders should be reversed on the law and a new trial ordered, with costs to the appellant to abide the event.

All concur. Present — TAYLOR, EDGCOMB, THOMPSON, CROSBY and LEWIS, JJ.

In each case: Judgment and order reversed on the law and a new trial granted, with costs to the appellant to abide the event.