161 P.2d 630

**DE BACA et al. v. KAHN.**

No. 4891.

Supreme Court of New Mexico.

Aug. 1, 1945.

Rehearing Denied Sept. 17, 1945.

Carl H. Gilbert and Reed Holloman, both of Santa Fe, for appellant.

H. A. Kiker and Manuel A. Sanchez, both of Santa Fe, for appellees.

LUJAN, Justice.

Plaintiffs, husband and wife, commenced this action against defendant for damages for injuries sustained by the plaintiff, Cleofas C. de Baca, from a fall in defendant's store alleged to have been caused by the careless and negligent maintenance of the floor. Defendant denied that he was negligent and pleaded the defense of contributory negligence.

The material allegations of negligence were: That the floor, as plaintiffs are informed and believe, had been oiled on the night previous to the accident and that the surface had been left wet, slick and slippery and in a dangerous condition to walk upon; that said injuries and her consequent physical condition are the direct and proximate result of carelessness and negligence of the defendant in allowing the floor to remain wet with oil, thereby rendering the same slick, slippery and dangerous to walk upon, and that the defendant knew, or by the exercise of reasonable care should have known, of the dangerous condition of the floor.

The answer admitted that the plaintiff, while in defendant's store on the occasion referred to in the complaint, fell to the floor. It contained a general denial and alleged the proximate cause of plaintiff's injury was her own negligence.

The plaintiff, Cleofas C. de Baca, was the only witness on behalf of the plaintiffs who testified regarding the occurrence at the time of the accident complained of, or as to the condition of the defendant's store. Her testimony was in substance: That she entered the defendant's store on February 20, 1943, to pay a bill; that as she walked across the floor she slipped and fell and that when she got up she noticed that her stocking was all torn up and full of oil, and that the part of her coat where she fell was likewise full of oil; that she inquired from Henry Ballin, who came to her assistance, if someone had oiled the floor, that he answered no, but that Mrs. Kahn had waxed the floor the night previous to the accident. On being later re-

called, she testified there was oil on the floor but could not say whether it was fresh, that it was all black and "kind of" fresh where she fell, because she got full of oil and that the oil had penetrated through her stocking and marked the skin of her leg. On cross-examination she testified it was just a big wet spot where she fell but was unable otherwise to describe it. The plaintiff's daughter, Mrs. Margaret Sena, testified that about 5:30 that evening she examined her mother's clothes, that the left stocking was badly torn and that there was oil on both the stocking and the coat. Doctors Nancy D. Campbell and Joseph Foster testified in behalf of Cleofas C. de Baca that she was suffering from a widening of the left sacroiliac joint and arthritis of the joint which could have been caused by the fall.

The defendant and five other witnesses who had been employed in his store at the time of the accident, all testified that the floor had not been oiled since the preceding December (1942), at least two and a half months prior to the accident; that when it was oiled a special non-viscous preparation made by the Texaco Company for that particular purpose was put on the floor in spots, and then it was spread evenly with mops; that after this was done, they went over the floor with dry mops and that the floor would be perfectly dry the next morning; that at the time Cleofas C. de Baca fell, the floor was perfectly dry. The defendant and two other witnesses testified that the floor was oiled periodically four times a year for the past ten years. Mr.

Henry Ballin denied he had told Cleofas C. de Baca that Mrs. Kahn had waxed the floor the night previous to the accident. Mrs. Kahn testified she had never used wax on the floor. Mr. Ballin testified that, immediately after Mrs. Baca fell, he examined the spot where she fell and that it was perfectly dry. Five other witnesses testified that little children, when trying on new boots, would run around and sometimes try to slide and skate and would fall, that this was the first time any one ever fell on the floor. All witnesses testified that on the day of the accident from 200 to 250 customers had walked over the place where Mrs. Baca fell, and that said employees had walked over the same place approximately 80 times on that day, without any slipping.

The case was tried to the Court who, after hearing evidence, made findings of fact and conclusions of law, as follows:

"No. 5. That while said plaintiff was in said store on said date and prior to paying said account, plaintiff slipped and fell on the floor of said store, and injured herself. That said floor had been oiled prior to the time that the plaintiff, Cleofas C. de Baca, fell as aforesaid, and the surface thereof had been left wet, slick and slippery and in a dangerous condition to walk upon, and was in that condition at the time of said fall; that the fall of said plaintiff was caused by her feet slipping on said floor while walking in defendant's store; that defendant knew, or by the exercise of reasonable care should have known, of the dangerous condition of said floor.

"No. 6. That as the proximate result of her falling on said store floor as aforesaid, while she was in the store of the defendant, said Cleofas C. de Baca suffered a widening of the sacroiliac joint on the left, and since the date of said injury has suffered intense and excruciating pain in the lower part of her back and in her left leg, and has been unable to attend to all of her household duties and affairs; since the date of said injury, said plaintiff has suffered great mental anguish and will so continue to suffer permanently."

"No. 10. That for several years prior to the time that the plaintiff, Cleofas C. de Baca, fell in the defendant's store, the defendant had caused the floor of his store to be periodically oiled, from three to five times each year, with Texaco floor oil, and had not treated his said floor with any other oil, grease or wax at any time prior to the occasion that said Cleofus C. de Baca so fell.

"No. 11. That the said Texaco floor oil is a preparation manufactured specially for the purpose of oiling floors, and is generally and commonly used for the treating of floors in stores, schools and public buildings.

"No. 12. That the said Texaco floor oil is a nonviscous oil.

"No. 13. That no one ever fell in the defendant's store, other than the plaintiff, Cleofas C. de Baca, and some children, who fell while playing therein.

"No. 14. That a large number of people had walked on, across and around the floor in the defendant's store between the time that the same had last been oiled and preceding the fall of the said plaintiff, Cleofas C. de Baca, and time of her said fall."

Conclusions

"II. That the injuries received by said plaintiff, Cleofas C. de Baca, were caused proximately by the carelessness and negligence of the defendant.

"III. That by reason of said injuries, plaintiffs have suffered damages at the hands of defendant in the sum of $3000.00, and that plaintiffs are entitled to judgment herein for the sum of $3000.00, and their costs in this action.

"IV. That it was not negligence for the defendant to have the floor of his store oiled."

From a judgment rendered in favor of plaintiffs, the defendant appealed.

Defendant assigns thirty errors which are grouped for argument under four points, or headings, as follows: (1) The evidence was insufficient to sustain a finding of actionable negligence on the part of the defendant; (2) the Court erred in admitting in evidence the conversation between Cleofas C. de Baca and the defendant's employees with respect to the oiling or waxing of the floor; (3) the Court erred in holding the defendant liable for the damage caused by the delay of the plaintiff, Cleofas C. de Baca in obtaining medical attention; and (4) the Court erred in holding the defendant liable for damages caused by sub-

sequent falls of the plaintiff, Cleofas C. de Baca.

The defendant's first and primary assault upon the judgment is under his first point or heading which relates to his several assignments of error challenging sufficiency of the evidence to sustain the finding of actionable negligence embraced in the trial court's finding No. 5, hereinabove quoted.

We think this evidence falls short of establishing any actionable negligence on the defendant's part. In other words, plaintiff has failed to connect her admitted injury with any actionable negligence of the defendant.

First, there is no substantial support in the evidence for the trial court's finding that the spot on the store floor where plaintiff fell had been left in a wet, slick, slippery and dangerous condition from any recent oiling by the defendant. We accept it as an established fact, as the trial court found from the plaintiff's testimony, that there was an oily spot on the floor upon which she slipped and fell. Nevertheless, unless we are prepared to say the presence on the floor of an oily patch, standing alone, will support an inference that it resulted from a recent oiling by the defendant, the record is blank as to how it got there. Moreover, aside from the complete absence of anything in the record unless the spot itself suffices to suggest a recent oiling of the floor, all of the testimony on the subject coming from several witnesses, being uncontroverted and unimpeached, directly or indirectly (cf. Medler v. Henry, 44 N.M. 275, 101 P.2d 398), is to the effect that no oiling of the floor had taken place since before the preceding Christmas, some seventy days previously. The finding to the contrary is without substantial support.

The only other ground of actionable negligence embraced in the findings is that the defendant knew, or should have known, of the presence of this oily spot on the floor and the danger it created. The record is as barren of any proof of this fact as it is of evidence of a recent oiling. Indeed, the testimony was highly conflicting upon the issue whether there was an oily spot on the floor, the testimony of the plaintiff standing alone against that of several witnesses on this issue. But we are bound by the trial court's finding that there was such a spot, though not by its finding that the defendant knew of its presence of which there is no substantial evidence.

A finding of fact without some substantial evidence to support it cannot be sustained. Epstein v. Waas, 28 N.M. 608, 216 P. 506; Jones v. Jernigan, 29 N.M. 399, 223 P. 100; Salas v. Olmos, 47 N.M. 409, 143 P.2d 871.

The rights of the parties litigant may not be determined and adjusted upon mere inferences drawn from others. But, before the courts are authorized to act, there must be some evidence in the record of such tangible nature as would authorize the lower court whose duty it is to pass upon the facts to do so without basing its findings upon surmise, speculation, or mere inferences.

In Manning v. John Hancock Mut. Life Ins. Co., 100 U.S. 693, 697, 25 L.Ed. 761, it was said:

"We do not question that a jury may be allowed to presume the existence of a fact in some cases from the existence of other facts which have been proved. But the presumed fact must have an immediate connection with or relation to the established fact from which it is inferred. If it has not, it is regarded as too remote. The only presumptions of fact which the law recognizes are immediate inferences from facts proved."

See also Xenia Bank v. Stewart, 114 U.S. 224, 231, 5 S.Ct. 845, 29 L.Ed. 101; Bowsher v. Grand Rapids & I. Ry. Co., 174 Mich. 339, 140 N.W. 524; Miller-Brent Lumber Co. v. Douglas et al., 167 Ala. 286, 52 So. 414.

The floor had been dressed with non-viscous Texaco floor oil in the same manner periodically four times a year for at least nine years prior to the accident, and had been used by the plaintiff, Cleofas C. de Baca, and many others without accident. To entitle the plaintiffs to recover, it is necessary that they show some specific act of negligence on the part of the defendant, or the existence of conditions so obviously dangerous as to amount to evidence from which an inference of negligence would arise. See Stearns v. Ontario Spinning Co., 184 Pa. 519, 39 A. 292, 39 L.R.A. 842; East End Oil Co. v. Pennsylvania Torpedo Co., 190 Pa. 350, 42 A. 707; Spees v. Boggs, 198 Pa. 112, 47 A. 875, 52 L.R.A. 933, 82 Am.St.Rep. 792.

The true measure of liability is expressed by Ruling Case Law in 20 R.C.L. p. 56, Sec. 52, as follows:

"The mere ownership of land or buildings does not render one liable for injuries sustained by persons who have entered thereon or therein; the owner is not an insurer of such persons, even when he has invited them to enter. Nor is there any presumption of negligence on the part of an owner or occupier merely upon a showing that an injury has been sustained by one while rightfully upon the premises. The true ground of liability is the proprietor's superior knowledge of the perilous instrumentality and the danger therefrom to persons going upon the property. It is when the perilous instrumentality is known to the owner or occupant and not known to the person injured that a recovery is permitted. In the language of Mr. Justice Harlan, the owner is liable to invited persons for injuries 'occasioned by the unsafe condition of the land or its approaches, if such condition was known to him and not to them, and was negligently suffered to exist, without timely notice to the public or to those who were likely to act upon such invitation'."

For a similar statement, see 38 Am.Jur. page 757, Sec. 97.

In the case of O'Brien v. H. L. Green Co., 128 Conn. 68, 20 A.2d 411, the plaintiff testified that she slipped and fell on the floor and saw a round greasy spot 18 inches to two feet in diameter with lumps of grease on it and that she saw two marks

on the floor where her feet had slipped, about two feet long. The Court said:

"The testimony established that the defendant some days before had used a dressing upon the floor. But all the evidence offered as to this dressing was to the effect that the preparation would not make the floor slippery, and even if the jury disregarded this testimony, they would not be justified in finding that the opposite was true. (Citing cases.)

"Evidently recognizing this situation, the plaintiff in her brief places her claim upon the ground that the jury could properly have found that the floor was rendered slippery by a combination of a gummy residue left from the floor dressing with dirt, moisture and slush tracked in by the customers entering the store from outside. But to make this a basis of recovery it was incumbent upon the plaintiff to prove that the slippery condition had existed for such a length of time that the employees in the store should, in the exercise of due care, have discovered it in time to have remedied it. (Citing cases). There is no evidence directly showing, nor any which would afford the basis for a reasonable inference by the jury, that this condition had been satisfied. Without proof of it, the plaintiff was not entitled to recover and the verdict should have been set aside."

The case of Mona v. Erion, 223 App. Div. 526, 228 N.Y.S. 533, 535, presented an almost identical situation to the one here. The plaintiff testified that she entered the defendant's store as a customer and claimed that, while there, she slipped on a patch of oil about the size of a grapefruit and fell, receiving the injuries for which she had judgment. She said that on entering the store she proceeded down one of the aisles to a small room at the rear, where music rolls were kept. Having procured one of these, she started to leave the store by the same route, and had gone but a short distance when the accident occurred. None of the defendant's employees were at the point of the accident, but some of them heard the fall and came to her assistance. She was helped to arise and seated on a chair. She then, for the first time, as she said, noticed this spot of oil about two feet in front of her on the floor, with a streak running through it and extending for about a yard, indicating where her heel had slipped. She also described this spot as being about a tenth of an inch in depth. It appeared that the store was maintained for the sale of pianos, victrolas, and similar merchandise; that its floor was of maple, and that from time to time was oiled, apparently for the purpose of preventing floating dust. Defendants used for that purpose a certain preparation manufactured especially to accomplish that end, and at the same time to avoid a slippery surface from remaining on the floor. The undisputed testimony was that the last time this oil was applied was somewhere from two to four weeks before the plaintiff's fall, when, after its application, it was mopped perfectly dry. A number of witnesses were called in behalf of defendants, some of whom were, and others had

been, employees of the store, and all of whom testified that there were no pools of oil upon the floor at the time of the accident, but that, on the contrary, same was entirely dry and not slippery. Those who assisted Mrs. Mona had their attention particularly directed to the place of the accident, and stated that they examined the floor carefully; that not only was there no such spot of oil, as she described, but that the floor was dry, and upon testing it with their feet they found it not to be slippery, and were unable to discover any reason why she should have fallen.

From the foregoing facts, the Court made the following observation:

"The measure of defendants' duty is that of reasonable care and prudence; they are bound to exercise reasonable care to keep their premises safe for the ingress, progress, and egress of customers and other authorized visitors. Weller v. Consolidated Gas Co., 198 N.Y. 98, 91 N.E. 286, 139 Am.St.Rep. 798.

"Plaintiff was bound to establish that this duty was violated, and we think she failed to do so. Viewing the case as a whole, the verdict is entirely against the weight of the evidence. The existence of a spot of oil such as is described by plaintiff does not, in and of itself, establish a cause of action, notwithstanding she may have fallen thereon. The store had been in constant use since the floor dressing had been last applied, at least two weeks before, and since when it is reasonable to suppose it had been swept as often as once

daily. No attempt is made to show how or by whom the oil spot was created, nor as to how long it had existed; so far as appears, it may have come into existence between the time the plaintiff entered the store and when she started to leave, and may have been caused by some person having no connection whatsoever with defendants. As has been said, it is not sufficient for her to show that the oil was there; she must go further, and show its presence under circumstances sufficient to charge defendants with responsibility therefor. Ruppert v. Brooklyn Heights R. R. Co., 154 N.Y. 90, 47 N.E. 971; Kipp v. [F. W.] Woolworth & Co., 150 App.Div. 283, 134 N.Y.S. 646; Id. (second trial) 163 App.Div. 920, 148 N.Y.S. 1125; Lavine v. United Paper Board Co., 243 N.Y. 631, 154 N.E. 635. This she makes no attempt to do, but rests her case solely on the existence of the oil spot and her fall.

"The fact that defendants from time to time oiled this floor is not, of itself, proof of negligence, and in no manner supplies the deficiency of plaintiff's proof. Abbott v. Richmond County Country Club, 211 App.Div. [231], 232, 207 N.Y.S. 183, affirmed 240 N.Y. 693, 148 N.E. 762; Curtiss v. Lehigh Valley R. R. Co., 233 N.Y. 554, 135 N.E. 915; Kerstein v. Goodman, 130 Misc. 714, 225 N.Y.S. 68; Kaufman v. Young, Sup., 157 N.Y.S. 778."

Also see J. C. Penny Co. v. Robison, 128 Ohio St. 626, 193 N.E. 401, 100 A.L.R. 705.

We are committed to the view that the proprietor of a store is not an in-

surer against accidents to his customers but is bound only to exercise reasonable care to keep his premises, which the public is tacitly invited to use, safe for that purpose. Furthermore, the mere fact that an invitee falls on the floor of a store does not of itself raise a presumption of negligence on the part of the owner. What constitutes due care of an inviter is always to be determined by the circumstances and conditions surrounding the transaction under consideration.

The measure of defendant's duty is that of reasonable care; he was bound to exercise reasonable care to keep his premises safe for the ingress, progress and egress of customers and other authorized visitors. See Mona v. Erion, supra; Weller v. Consolidated Gas Co., 198 N.Y. 98, 91 N.E. 286, 139 Am.St.Rep. 798; Cook v. Great Atlantic & Pacific Tea Co., 244 App. Div. 63, 278 N.Y.S. 777.

In treating the amount of care a proprietor owes to a customer, the Supreme Court of New Jersey in the case of Rom v. Huber, 93 N.J.L. 360, 108 A. 361, said:

"The defendant is not an insurer of the safety of his patrons against accidents. It must appear that the condition which produced the fall had either been in fact brought to the previous notice of the defendant, or, failing in proof of such actual notice, the condition had existed for such a space of time as would have afforded the defendant sufficient opportunity to make proper inspection as to the safety of the place."

Also see Achter v. Sears Roebuck & Co., 232 Mo.App. 915, 105 S.W.2d 959.

The fact that plaintiff slipped and fell on the floor does not, of itself, tend to prove that the surface over which she was walking was dangerously unfit for the purpose. Knopp v. Kemp & Hebert, 193 Wash. 160, 74 P.2d 924; Rothschild v. Fourth and Market Street Realty Co., 139 Cal.App. 625, 34 P.2d 724.

Numerous other citations support our conclusions. However, we are mindful of authorities that hold one may recover in a similar case, but they are decidedly in the minority.

The undisputed evidence shows that the floor had been oiled approximately seventy days before the accident occurred. The statement of the plaintiff that when she fell her stocking and coat were soiled by the oil she fell on, does not sustain the allegation that the floor had been carelessly and negligently oiled. There is no testimony to the effect that the oil, which the plaintiff saw on the floor after she fell, was placed there by the defendant or his employees, unless, indeed, we assume it to be one of the spots placed on the floor some seventy days prior thereto, and this seems out of the range of reasonable probability, when we consider that the place where plaintiff fell was swept and mopped with a dry mop daily, including the day of the accident, and that hundreds of people had walked on the floor since the last oiling without slipping.

Other errors are assigned and argued, but no additional questions need be decided in view of the disposition we must make of the question just discussed. It follows the judgment reviewed must be reversed and the cause remanded with directions to the District Court to set aside its judgment and enter judgment for appellant.

It is so ordered.

MABRY, C. J., and SADLER, BICKLEY, and BRICE, JJ., concur.