Wheeler, J.
The plaintiff alleges and has offered proof to the effect that while a customer in defendant’s Scranton, Pennsylvania store, she was caused to fall by slipping in a patch of oily, greasy material on the floor, described by her witnesses as a pool of liquid oil about six inches in diameter. Aside from this one isolated spot, the floor of the store was free from oil or any other similar substance. Plaintiff’s only proof of any recent oiling of the floor was an alleged statement by defendant’s store manager to the effect that defendant always used oil on the floor. However, the manager denied making any such statement. There was proof upon the part of the defendant that immediately following the accident the floor was examined and found to be clear, with no evidence of any spot of oil, grease or any other foreign substance.
The undisputed testimony on behalf of defendant was that no oil had been used on the floor for more than a year prior to plaintiff’s accident but, on the contrary, that defendant in this and in other of its stores used exclusively as a floor dressing a product made from pulverized feldspar, resembling a fine white *741 sand, to which is added an analine dye to give the floor a dark color and also an emulsion, not in excess of 6% by weight, to bind it to the floor. It is not a liquid compound and it contains no oil. The fine, angular particles of the material are designed to work into the pores of the floor to make a nonslip surface. It is placed on the floor once a month on a Saturday night after closing time, and then swept up the following Monday morning. The floors are also swept every morning during the week. The last application of this powdered compound was made just one week prior to the accident.
Plaintiff, in her complaint and by her proof, clearly indicates that an oil or grease spot, or something very closely akin thereto, caused her fall. However, the case was submitted to the jury on the theory that the alleged dangerous spot in question was caused by the application of the antislip compound. Plaintiff’s attorney in his summary no longer referred to a pool of liquid oil, but argued to the jury that plaintiff was caused to fall by slipping ona“ pile ” of the emulsion — “ an accumulation of this dirty compound.”
The existence of an isolated small patch of oil or other similar foreign substance does not, in and of itself, establish a cause, of action. It was the duty of plaintiff to go further and show its presence under circumstances sufficient to charge the defendant with responsibility therefor; in other words, to prove either that defendant had knowledge of the alleged dangerous condition, either actual or constructive, or that it caused the condition to be created by its own affirmative act. (Mona v. Erion, 223 App. Div. 526; Lavine v. United Paper Board Co., 243 N. Y. 631; Kipp v. Woolworth & Co., 150 App. Div. 283, appeal dismissed, 206 N. Y. 628.)
An examination of the compound, a sample of which was introduced in evidence, clearly demonstrates that it bears no material resemblance to the alleged six-inch spot of liquid oil or greasy looking substance described by the plaintiff’s witnesses. Therefore, we conclude that the finding, implicit in the jury’s verdict, that the alleged dangerous condition was caused by the application of the antislip compound, is clearly contrary to the evidence.
Neither is there any evidence indicating knowledge on the part of the defendant of this alleged dangerous condition. So far as the evidence discloses, it may have been brought into existence within a very short time prior to plaintiff’s fall and may have been caused by a person having no connection with defendant. No attempt was made by the plaintiff to show how or by whom the spot was created, nor how long it had existed. *742 The evidence in this case, with all permissible inferences in favor of plaintiff, failed to show any negligence on the part of defendant.
In view of our conclusion, we find it unnecessary to pass upon other assigned errors.
The judgment and order should be reversed on the law and facts, with costs, and the complaint should be dismissed, with costs.
All concur. Present — Taylob, P. J., McCubn, Vaughan, Kimball and Wheelee, JJ.
Judgment and order reversed on the law and facts, with costs, and complaint dismissed, with costs.