Breitel, J. (dissenting).
The order should be affirmed.
There was no exception to the charge with respect to long prior use without accident or to the use of the word “ negate ” in reference to that part of the charge dealing with prior use which would be intelligible to the Trial Justice and suggest the objections now being made on appeal and sustained. Nor may the exception in context be read to have been intended to make such objection. Instead, the exception related only to foundation for prior use without accident, hardly a clear or sustainable exception.
Thus, the issue was never properly raised since counsel objected only to the “ foundation ” for the charge — an asserted lack of proof of safe use. In this regard, a manager of the hotel had testified, albeit without producing supporting records, but which he said he had checked in part, that there had been no accidents on the stairway despite heavy use since construction four years earlier. Particularly there was no objection to the charge or to the proof that the use was of too short a duration.
Under the universal rule, expressed definitively in De Salvo v. Stanley-Marsh-Strand Corp. (281 N. Y. 333), prior use without accident is a factor the jury may consider in determining whether the physical condition allegedly causing the accident was the result of negligence. It is one factor in the complex of facts and the sufficiency of the length of use without accident and the significance of the absence of prior accident are issues of fact for the jury. Those issues were submitted to the jury. Thus, it was for the jury to consider, whether a prior four years ’ use was significant or not,- especially in relation to the frequency of occasion for use during that four-year period.
As for the use of the word ‘ ‘ negate ’ ’ in the charge, it was correctly used, logically and etymologically, but was hardly advisable. Plaintiff, however, never objected to the use of the word. Had she, the trial court undoubtedly would have substituted another word or explained its meaning. The word “ negate ” in the legal lexicon does not mean that the proposition affected is conclusively rebutted, anymore than to say that *252 there was proof on an issue, or. that a fact was proved, is a holding that the issue was conclusively resolved, although a layman might think so. But the important thing here is that the objection to the word is first made after plaintiff failed to obtain a favorable verdict.
Finally, no one suggested in the Appellate Division and no one suggests now that prior use without accident confers ‘ ‘ immunity ” on the one responsible for the condition. Again the word “negated” in the Appellate Division memorandum (an interesting example of the usage), addressed this time not to laymen, but to law-trained people, even if given the wrong interpretation did not refer to ‘ ‘ immunity ’ ’ for negligence because of long use without accident.
Although the issues of fact are not for this court to review in this jury-tried case, affirmed by the Appellate Division, the jury verdict is quite understandable. The plaintiff had previously used the short stairway and had been cautioned by a hotel employee; and the type of stairway and lighting was of the commonest variety in a mountain resort hotel. (See, e.g., Weller v. Consolidated Gas Co., 198 N. Y. 98, 100-102.)
Accordingly, I dissent and vote to affirm.
Chief Judge Fuld and Judges Bergan and Gibson concur with Judge Burke ; Judge Breitel dissents and votes to affirm in a separate opinion in which Judges Scileppi and Jasen concur.
Order reversed and a new trial granted, with costs to abide the event.