CLARA A. CURTISS, Respondent, v. LEHIGH VALLEY RAILROAD COMPANY, Appellant.

*Carriers — negligence — injury to passenger by fall caused by slipping on floor of railway station — evidence.*

Appeal from a judgment of the Supreme Court, entered in the Tioga county clerk's office March 17, 1920, upon the verdict of a jury for $1,500, and also from an order entered March 22, 1920, denying the defendant's motion for a new trial.

Judgment and order affirmed, with costs. All concur, except H. T. Kellogg, J., dissenting, with an opinion, in which Cochrane, J., concurs.

H. T. KELLOGG, J. (dissenting): This is an action of negligence in which the plaintiff has recovered a judgment for personal injuries occasioned by slipping upon the floor of a railway station of the defendant whereby she fell and broke her arm. She went into the station between ten-thirty and eleven o'clock in the morning intending to take a train of the defendant at eleven forty-six. As she entered she noticed that the floor was wet and hesitated to go upon it because here and there she saw puddles of water. She went to the ticket office, purchased her ticket and walked to the waiting room reserved for women. After a few minutes she walked back into the main room, intending to go out upon the station platform to check her baggage. She observed a man standing upon the floor with a pail beside him in which was a mop or a broom. She also noticed a number of pools of water, over several of which she stepped in order not to wet her feet. The largest of these pools was eighteen inches long by four inches wide, but as the water was dirty she could not tell whether they were as much as an eighth of an inch deep. The pools were formed by the water running to floor boards which were slightly depressed. She did not see any soap or soapsuds. At a point not far from the door towards which she was bound her foot slipped and her fall occurred. She gave this testimony as

to the place of her fall: "Q. Now, in this spot at which you fell, there was not any pool of water, was there? A. The floor was wet and slippery. Q. It was damp? A. It was wet. Q. There was no pool of water, was there? A. I couldn't say. Q. And at this spot, as far as you know, there was no unevenness of the boards, was there? A. Why — Q. Just yes or no, as far as you know? The Court: Your best recollection. A. I did not notice it." This testimony eliminated from the case as causes of the accident the pools of water and the depression of the floor boards. The floors in a railway station must frequently be washed, and they cannot be washed without becoming to some extent wet and slippery. Therefore, it is difficult to see wherein the defendant was in any wise negligent for having wet and slippery floors at the moment of the accident. It is suggested that the defendant should have washed a small portion of the floor, allowing it to dry before washing another portion. The plaintiff herself found it necessary to walk from the door to the ticket office and to the waiting room and return. Many other waiting passengers may have found it necessary to travel the same course. Consequently, dry places could not be maintained by piecemeal washing at all points where passengers might walk. It may well be, therefore, that the best method was to mop the whole floor rapidly so that all of it would be dry as soon as possible. It is also suggested that the defendant should have chosen some hour other than the hour between ten and eleven A. M. to do the mopping. The train schedule introduced in evidence shows that no trains were due to arrive or leave between nine and eleven forty-two on the morning in question, and that except for one period at midnight there was no other period of rest between train movements so great as that during which the accident happened. Therefore, except for the midnight period, this may well have been the hour of the day when the least number of passengers were to be expected by the defendant to be walking or waiting in its station. In respect to the presence of the plaintiff in the station during the period in question it should be noted that she appeared there and was hurt a full hour before her own train was scheduled to depart. We find no support either in reason or in authority for holding that there was any proof of negligence on the part of the defendant for submission to a jury. The case of *Kipp* v. *Woolworth & Co.* (150 App. Div. 283) is an authority against the plaintiff requiring a reversal. The judgment and order should be reversed and a new trial granted. Cochrane, J., concurs.