**926** BEECH *v.* WEBER.

---

ROSE BEECH, Plaintiff, Appellant, *v.* ANNA WEBER, Defendant, Respondent.

Supreme Court, Appellate Term, First Department, November 11, 1924.

**Negligence — action for personal injuries suffered by plaintiff as result of fall in hallway — evidence of cleaning hallway with " hot soapy water " sufficient to establish prima facie case — judgment dismissing complaint reversed and new trial granted.**

In an action for personal injuries suffered by reason of plaintiff's falling in defendant's hallway, a judgment dismissing the complaint should be reversed and a new trial granted, since plaintiff made out a *prima facie* case, where the evidence disclosed that the hallway was cleaned with " hot soapy water."

APPEAL by plaintiff from a judgment of the City Court of the city of New York in favor of the defendant, entered upon the dismissal of the plaintiff's complaint at the close of the whole case.

*Benjamin Rich* (*Simon M. Sapinsky,* of counsel), for the appellant.

*Bertrand L. Pettigrew* (*Laurence C. Stryker,* of counsel), for the respondent.

*Per Curiam.* We are of the opinion that plaintiff made out a *prima facie* case. In *Kaufman* v. *Young,* 157 N. Y. Supp. 778, this court stressed the facts that the steps were of slate, and that no oily or greasy substance was used in the cleaning. Here the proof was that the hallway was cleaned with " hot soapy water." The facts in *Curtiss* v. *Lehigh Valley R. R. Co.,* 233 N. Y. 554, make the situation there clearly distinguishable from that here, and, furthermore, in his dissenting opinion (194 App. Div. 931) H. T. Kellogg, J., stresses the fact that there was no evidence of the use of soap. We believe the case is controlled by our decision in *Bussue* v. *Wagner Leasing Co.,* 202 N. Y. Supp. 711, and that the case should have been sent to the jury.

Judgment reversed and a new trial ordered, with costs to appellant to abide the event.

All concur; present, GUY, BIJUR and MULLAN, JJ.