MAMIE AMSTERDAM, Plaintiff, *v.* HOTEL ASTOR, INC., Defendant.

Municipal Court of New York, Borough of Manhattan, Second District,
December 13, 1926.

**Negligence — what constitutes — action to recover for injuries suffered when plaintiff slipped on stairs in hotel — soapy water on stairs caused accident — verdict is sustained by evidence.**

The plaintiff recovered a verdict against the defendant for damages suffered when she slipped on stairs in defendant's hotel. The verdict is supported by the evidence, since it appears that the accident was caused by soapy water left on the stairs by a cleaner at about the time the plaintiff started to descend and that she was not warned of any danger in descending the stairs at that time.

MOTION by defendant to set aside the verdict of the jury for plaintiff.

*Zelenko & Weissman,* for the plaintiff.

*E. C. Sherwood,* for the defendant.

PANKEN, J. This matter comes before me on a motion to set aside the verdict rendered by the jury in favor of the plaintiff. The facts as disclosed by the testimony show that on a certain date the plaintiff, while descending a staircase to the grill operated by the defendant at its hotel, was injured by slipping on one of the steps, due to a soapy pool having been permitted to remain upon the steps. When submitting this case to the jury, I was not unmindful of the decision in the case of *Kipp* v. *Woolworth & Co.* (150 App. Div. 283), decided in the Second Department.

The case of *Bussue* v. *Wagner Leasing Co.* (202 N. Y. Supp. 711), decided in the First Department, a *per curiam* decision, reads: " When plaintiff rested, the defendant moved to dismiss the complaint, upon the ground that no cause of action had been proved, and no negligence. The trial court accepted that view of the case and granted the motion. This we think was error. The evidence established that the stairway had been washed down by the janitor half an hour before the accident, and that the stairs were wet, as the result of which the plaintiff slipped on the zinc nosing and fell to the bottom. She described her descent by holding on to the banister.

" At the time of the accident the janitor was engaged in washing up the hall. Upon these facts, enough was shown to put the defendant to its proof. The presence of the janitor was sufficient notice to the defendant of the existing condition."

The evidence in the case before me showed that there was a

man engaged in washing the staircase, and that not only was there soapy substance upon the steps, but that a pail containing soapy water, which was used by the defendant's servant, was resting on one of the steps.

The case of *Curtiss* v. *Lehigh Valley R. R. Co.* (233 N. Y. 554), which reversed a decision of the Appellate Division and dismissed the complaint, adopted the dissenting opinion rendered by Mr. Justice KELLOGG, reported in 194 Appellate Division, at page 931. The facts as they are disclosed in the opinion of Mr. Justice KELLOGG are different from those testified to in the case before me. Mr. Justice KELLOGG in his opinion says: " She went into the station between ten-thirty and eleven o'clock in the morning intending to take a train of the defendant at eleven forty-six. As she entered she noticed that the floor was wet, and hesitated to go upon it because here and there she saw puddles of water. She went to the ticket office, purchased her ticket and walked to the waiting room reserved for women. After a few minutes she walked back into the main room, intending to go out upon the station platform to check her baggage. She observed a man standing upon the floor with a pail beside him in which was a mop or a broom. She also noticed a number of pools of water, over several of which she stepped in order not to wet her feet. The largest of these pools was eighteen inches long by four inches wide, but as the water was dirty she could not tell whether they were as much as an eighth of an inch deep. The pools were formed by the water running to floor boards which were slightly depressed. She did not see any soap or soapsuds. At a point not far from the door towards which she was bound her foot slipped and her fall occurred."

Mr. Justice KELLOGG in his opinion stresses the fact that the plaintiff in that case did not see any soap or soapsuds. In the instant case there is testimony that the liquid was of a soapy character. There was a person engaged in washing down or soaping down the stairs which led to the grill operated by the defendant, and which staircase was the regular entrance and egress to and from the grill. The plaintiff was lawfully using the staircase. No warning of any kind as to the condition existing at the time she attempted to descend the staircase has been either given to her or displayed so as to charge her with knowledge of the condition.

There are questions of fact created by the testimony given on the part of the plaintiff and the testimony given on the part of the defendant. The defendant, through its servants, testified that no work was being performed on this staircase at the time the accident occurred. It, however, did not submit testimony of the person

in charge of the building at the time the accident occurred. The questions of fact were resolved in favor of the plaintiff. There was abundant evidence submitted in her favor to support the verdict rendered by the jury.

Motion to set aside the verdict denied.