Rose Jacobs, Respondent, v. Francis Danziger, Appellant.

Supreme Court, Appellate Term, First Department, February 16, 1928.

**Landlord and tenant — liability of landlord — plaintiff, tenant, slipped on stairs and fell — verdict in favor of plaintiff against evidence — complaint dismissed.**

The plaintiff, tenant on the top floor of defendant's tenement house, slipped and fell on the stairs and suffered injuries for which she seeks damages. The only evidence that the stairs were greasy, as contended by plaintiff on the trial, is that the janitor was washing the stairs with soapy water. The case should not have been submitted to the jury and the verdict in favor of the plaintiff is contrary to the evidence. The judgment is reversed and the complaint is dismissed on the merits.

BIJUR, J., dissents, with opinion.

APPEAL by defendant from judgment of the Municipal Court, Borough of Manhattan, Eighth District, entered on verdict in favor of plaintiff.

*Harold M. Phillips,* for the appellant.

*Manfred Nathan,* for the respondent.

DELEHANTY, J. Action by tenant of an apartment on top floor of defendant's tenement house to recover damages for personal injuries.

Plaintiff testified that about half past seven in the morning she left her apartment to go downstairs, that she saw " the janitor was washing the floors, the top floor, washing the stairs; that they were greasy and soapy; I got hold of the banister, walked down and slipped on my right foot and fell down to the next floor; " that she slipped on the second stone step from the top floor; that as she fell she felt the steps with her hands and the steps were greasy; that she saw a pail of water in the middle of the stairway; that the janitor was on the top floor, three or four feet away from the pail; that she knew what the janitor was doing — that he was washing the stairs, because they were wet; that the steps were clean washed; they looked clean washed; " he was not washing them at the time; he might have left it a second to go up to do something; I didn't know that; " that the steps did not look too nice, they looked pretty wet; that when she started to walk down the steps she saw they were wet and slippery. She further testified that before she started to walk down she did not notice the steps were greasy, but she saw they were wet — " I noticed they were greasy after I felt them, after I fell. I started to go down the

steps. I felt they were greasy then. I saw them wet before."
Asked where the grease came from she answered " when he put
soap in the water."

Defendant's janitor denied he was washing the stairs; he testified
that he had a pail of water on the top floor in the morning; that
he was going to wash the stairs, and he was sweeping them down
so that he could wash the stairs; that the plaintiff came out of her
apartment " in a negligee, with a couple of straps and a pair of
slippers; " that she was running down for the milkman and that
her shoes got caught in the straps and she fell down.

The trial judge submitted the case to the jury and they
returned a verdict for the plaintiff.

It is notable that the first time that reference was made to a
greasy condition of the stairway was by the plaintiff in her testimony
on the trial. The allegation of the complaint is that " defendant
permitted and allowed the stairway to become and be wet, slippery
and unsafe; " and the specification of defendant's negligence in the
verified bill of particulars is that " defendant was negligent in that
defendant's agent or janitor of said building, washed down the
said top flight of stairs with soapy water and permitted water to
remain and accumulate on the said steps of said top flight of stairs
making the same slippery and dangerous." But notwithstanding
the emphasis put, on the trial, upon a greasy condition (which
from the plaintiff's own testimony was the result of putting soap
only in the water) the plaintiff failed to make out a case; for the
stairs of a tenement house must be cleaned; the janitor was actually
engaged in the washing of the stairs though not on the second
floor at the moment plaintiff slipped and fell, and the court may
take judicial notice of the fact that soap in some form is ordinarily
used in the process of cleansing. (See *Kerstein* v. *Goodman*, 130
Misc. 714, and cases there cited.)

Respondent contends that the mere presence of soap in the
water used for cleaning the stairway, as charged in the bill of
particulars, required the submission of the case to the jury,
citing *Curtiss* v. *Lehigh Valley R. R. Co.* (194 App. Div. 931; revd. on
dissenting opinion of Mr. Justice KELLOGG, 233 N. Y. 554) and *Beech*
v. *Weber* (123 Misc. 926). I do not find anything in the dissenting
opinion adopted by the Court of Appeals in the *Curtiss* case which
justifies the contention, for the only reference made to soap in
that opinion is that plaintiff " did not see any soap or soap-suds,"
which is practically the testimony of plaintiff here, for although
plaintiff did say there was soap in the pail she testified repeatedly
that the steps looked wet, and it was only when she felt them after
she fell that she could say that they were greasy. As to the prior

decision of this court in the *Beech Case* (123 Misc. 926) (to which no reference is made in the *Kerstein Case*, 130 id. 714), that decision is stated in the *Beech* opinion to be controlled by *Bussue* v. *Wagner Leasing Co.* (202 N. Y. Supp. 711), and for the reason stated in the *Kerstein* opinion that case is not controlling here.

Judgment reversed, with thirty dollars costs, and complaint dismissed on the merits, with costs.

CRAIN, J., concurs.

BIJUR, J. (dissenting). The question involved in this case was a very simple one, and, as presented by the charge, to which no exception was taken, was as follows: Plaintiff testified that she fell because of the slippery condition of the stairs and that she had on " a blue house dress with a pair of oxfords " and that it did not have " a cord around it." Defendant's witness, the janitor, on the other hand, testified that she was in a negligee — a robe with a couple of straps and a pair of slippers  *  *  *  so she ran and the straps of her ounging robe got caught somehow, and as the straps got caught she sat down."

The judge charged fully on this subject and told the jury that if they believed the defendant's story in this respect plaintiff could not recover. As the verdict was in favor of the plaintiff :t may properly be presumed that the jury believed that the plaintiff was dressed as she testified, and that she was not dressed, and that the accident did not happen, as defendant's janitor says.

Plaintiff testified that the janitor had been engaged in washing the steps; that a pail of soapy and greasy water was in the middle of the steps; and that the janitor himself was on the floor above or at the head of the steps; and that the steps were soapy and greasy which caused her fall although she had hold of the banister. The janitor testified that he had not begun to wash the steps but was only sweeping them.

If the plaintiff's story were believed, as it was by the jury, then the janitor was not washing the steps in a careful or proper way, in that he allowed the steps to remain in a slippery and dangerous condition for an undue space of time while he did other work or attended to other errands. As the jury found for the plaintiff after a charge which distinctly presented that point, I think we must presume that her story was believed.

The charge also presented the question of contributory negligence, but as I understand it, on that point appellant makes no particular complaint, since it does not appear to be disputed as charged by the learned judge below that plaintiff had a right to use the steps provided she was careful, and she testified that she was and that

she held onto the banister when she noticed that the stairs looked wet and greasy.

Under the circumstances, I do not see how the verdict of the jury can be assailed on a question of fact, nor the charge on a question of law, and I think that the judgment should be affirmed.