WINIFRED SAMUELS, Respondent, *v.* TERRY HOLDING Co., INC., Appellant.

WILLIAM SAMUELS, Respondent, *v.* TERRY HOLDING Co., INC., Appellant.

First Department, November 1, 1929.

*A. Arthur Klar* of counsel [*Morrison & Schiff*, attorneys], for the appellant.

*Milton Speiser* of counsel [*Joseph Speiser* with him on the brief; *Speiser & Speiser*, attorneys], for the respondents.

FINCH, J. The sole question involved in these appeals is whether, upon the practically undisputed facts, there is any negligence shown on the part of the defendant.

The plaintiffs are husband and wife, and resided upon the fifth floor of an apartment house. The wife's action is to recover damages for personal injuries, and her husband brings the companion action for loss of consortium and services. The janitor was engaged in washing down the stairs from the fifth to the fourth floor and some of the soapy, greasy water had trickled from this stairway down to the stairway leading from the fourth to the third floor. The plaintiff wife, coming out of her apartment on the fifth floor, had proceeded down the stairway which the janitor was engaged in cleaning. As she came to the top step of the flight of stairs leading from the fourth to the third floor, she testified that she slipped upon the soapy water which had accumulated there from the washing of the stairs above, and fell the length of the stairs, receiving injuries which confined her to her bed for some time and caused her permanent injury.

We thus have the sole question as to whether the fact that soapy water incidental to the washing of one flight trickles down upon a lower flight of stairs and a tenant slips thereon, constitutes any evidence of lack of care on the part of the janitor sufficient to raise an issue of fact to be presented to a jury.

If the plaintiff had slipped upon the stairs which were then in the process of being washed by the janitor, there is clear authority that no liability would be occasioned. As was said in a case where the plaintiff was injured by slipping upon the floor of a railroad station while it was being washed, in the dissenting opinion of Mr. Justice HENRY T. KELLOGG (now Judge KELLOGG) in *Curtiss* v. *Lehigh Valley R. R. Co.* (194 App. Div. 931), upon whose dissenting opinion the judgment and order were reversed in the Court of Appeals (233 N. Y. 554): " We find no support, either in reason or in authority, for holding that there was any proof of negligence on

the part of the defendant for submission to a jury." (See, also, *Kipp* v. *Woolworth & Co.*, 150 App. Div. 283.)

Since, therefore, there would be no negligence if the plaintiff slipped upon the stairs which were in the process of being washed, we find that such water as would trickle from these stairs down upon the next flight would be merely incidental to the necessary process of washing the stairs. No evidence is present in this record that the stairs were being washed other than in the usual and ordinary way. To hold that the stairs could not be washed without its being incumbent upon the janitor to carry a towel to wipe up immediately any water that incidentally might drip during the process of washing, wou d be to impose upon owners a rule of conduct, the niceties of which would preclude practical observance. The plaintiff herself, in descending the flight of stairs upon which the washing was being done, had full notice of the cleaning and, therefore, also had notice of the likelihood of the incidental trickling of the water upon other portions of the premises during the process of washing.

It follows that the judgments appealed from should be reversed, with costs, and the complaints dismissed, with costs.

Dowling, P. J., Merrell, McAvoy and Proskauer, JJ., concur.

Judgments reversed, with costs, and complaints dismissed, with costs.