MARGUERETTA GONDOLFI and Another, Plaintiffs, v. PALISADE HOLDING Co., INC., Defendant.

Municipal Court of New York, Borough of Manhattan, Second District, June 7, 1934.

*Louis Stark*, for the plaintiffs.

*Alfred W. Andrews* [*Jesse Kahn* of counsel], for the defendant.

LEWIS, DAVID C., J. The defendant was the landlord and in control of a factory building. The plaintiff was an employee of a tenant of the building. At eight A. M. on the 16th day of June, 1932, on her way to work, the plaintiff walked through the common entrance hall of the building, and was about to go into the elevator, when she slipped, fell, and sustained personal injuries.

The plaintiff charges the defendant with negligence and complains that she fell at or about the place where the floor was wet; that it was soapy; there was a kind of suds on the floor; that before the

accident she did not notice this condition of this part of the floor; that this condition was due to the acts of defendant's agent or porter, who had apparently used a soapy fluid upon this part of the floor, and left it in the slippery condition.

There was no direct evidence of the particular time at which the floor had been washed. There was testimony, but not by the injured plaintiff, that at the time when the plaintiff entered, a porter was standing nearby, with a mop in his hand; and that a pail was also present in and about the premises. No one testified to seeing the porter or anybody else actually do any washing at or prior to the time of the accident.

The defendant flatly and positively denied that any of its agents or employees had at any time that morning washed the floor.

The jury brought in a verdict in favor of the plaintiff. The defendant would now have the court set it aside.

To keep this hallway clean was the defendant's obligation. And to use soap and water for this purpose was not in itself negligent. Yet where one does the right thing in the wrong way, and causes injury to another, he may become answerable to the aggrieved party.

While the defendant was charged with the duty of keeping the hall clean, the necessity of cleanliness could not become an excuse for carelessness. A tiled floor made slippery with soapy water and suds spells a hazard to the unwary who may have to walk upon it. The hazard commands a caution, commensurate with the peril, on the part of the person who creates the condition. And the caution is not confined to reasonable care in the physical acts of cleaning or washing. It extends to appropriate precautions after the washing to avoid unnecessary danger to those who have the right or necessity to use the common halls and ways.

The time, the agents, the means, and the manner of cleaning, and the rules regulating the same were matters exclusively within the control of the defendant. The defendant set the causes in operation, and to such degree assumed responsibility. Of course, it is impossible to prescribe in advance the specific steps or the particular precautions that should be taken in every instance. Circumstances, not cases, control.

In the case before the court the defendant denies any washing or cleaning at any time prior to the accident. It does not claim the condition was unavoidable. It denies it ever existed. The jury decided to the contrary.

It is to be observed that in the case at bar the work was not being done at the time of the accident; the plaintiff was unaware of the condition, and that the jury relieved her of any contributory negligence.

Upon the strength of certain authorities, the defendant contends the court must dismiss the complaint. The authorities cited involve accidents growing out of a similar but not an identical set of circumstances. This situation is not exceptional in tort cases.

Legal principles and precedents cannot catalog every act and combination spelling negligence. They may supply the guide; suggest the test. They may determine the law; but they cannot decide the facts. For in a trial by court and jury of a question of fact the adjudication is to be formed in the mind of man and not simply to be found in the page of precedent. In this particular field of liability for negligence, we cannot ask the law to declare an all-inclusive ruling of absolute certainty applicable to every case. The most to expect of the court is by judicial interpretation and elimination; to list the exceptions rather than lay down such a rule; and thus effect a limitation of liability. Hence in this particular type of case the court must not travel too fast in following precedent lest there be judicial skidding. So we find the decisions drawing distinctions — where there are soapy suds; where there are no soapy suds; where the plaintiff saw or should have seen the slippery condition; and where he neither saw nor was chargeable with notice of it; where the defendant was actually engaged in washing or cleaning, so that the degree of wetness and slipperiness was inevitable; where the cleaning operation had ceased a half hour or fifteen minutes before the accident.

" A judgment dismissing the complaint should be reversed and a new trial granted, since plaintiff made out a *prima facie* case, where the evidence disclosed that the hallway was cleaned with *hot soapy water.*" (*Beech* v. *Weber*, 123 Misc. 926.) " The verdict is supported by the evidence, since it appears that the accident was caused by *soapy water left on the stairs by a cleaner at* about the time the plaintiff started to descend and that she was not warned of any danger in descending the stairs at that time." (*Amsterdam* v. *Hotel Astor, Inc.*, 130 Misc. 656, at p. 657.) (See, also, *Bussue* v. *Wagner Leasing Co.*, 202 N. Y. Supp. 711, where the evidence established that the stairway had been washed half an hour before the accident.)

*Shearod* v. *Forty-first Street & Park Ave. Corp.* (254 N. Y. 618), where the evidence indicated that the washing had been done fifteen minutes before the accident.

In *Curtiss* v. *Lehigh Valley R. R. Co.* (233 N. Y. 554) the Court of Appeals reversed the Appellate Division upon the strength of the dissenting opinion of Mr. Justice KELLOGG (194 App. Div. 931). Upon reading the dissenting opinion one finds that Judge KELLOGG specifically comments " She did not see any soap or soapsuds."

Shall the court insist that notwithstanding the circumstances evidenced by the proof that the plaintiff must establish how long or short a time may have elapsed between the doing of the work and the happening of the accident; and/or must the court prescribe to what extent and in what detail the other factual features must be established by direct proof?

Reviewing the case in its entirety in the foregoing light, I am of the opinion that the court would not be warranted in disturbing the verdict of the jury.

Motion denied. Ten days' stay.