THOMAS BARACTARIS, Plaintiff, *v.* GUS HOFMANN, Defendant.

City Court of New York, New York County, April 27, 1936.

*Samuel Kornfeld,* for the plaintiff.

*Irving Segal,* for the defendant.

LIPPE, J.   The evidence in this case establishes that the plaintiff, while walking down a flight of stairs, stepped upon an intermediate landing and slipped and was injured, and that a foreign substance, consisting of soapy water, was the cause of his slipping.

The defendant in disclaiming liability relies exclusively on the decision in *Samuels* v. *Terry Holding Co., Inc.* (227 App. Div. 68, 69), and other cases referred to therein.   The opinion in *Samuels* v. *Terry Holding Co., Inc.,* recites that " If the plaintiff had slipped upon the stairs which were then in the process of being washed by the janitor, there is clear authority that no liability would be occasioned."   The court further stated that " Since, therefore, there would be no negligence if the plaintiff slipped upon the stairs which were in the process of being washed, we find that such water as would trickle from these stairs down upon the next flight would be merely incidental to the necessary process of washing the stairs.   No evidence is present in this record that the stairs were being washed other than in the usual and ordinary way.   To hold that the stairs could not be washed without its being incumbent upon the janitor to carry a towel to wipe up immediately any water that incidentally might drip during the process of washing, would be to impose upon owners a rule of conduct, the niceties of which would preclude practical observance.   The plaintiff herself, in descending the flight of stairs upon which the washing was being done, had full notice of the cleaning and, therefore, also had notice of the likelihood of the incidental trickling of the water upon other portions of the premises during the process of washing."   If the case under consideration comes within the foregoing, there is, of course, no liability.   In the case under consideration, however, the plaintiff testified that the defendant's janitress was not, in fact, engaged in washing the stairs at the time of the accident; that she was not upon the stairway or the landing where the occurrence took place; that, if the stairway had been cleaned, the cleaning had been completed.   The plaintiff further testified that, after he had fallen to the bottom of the flight of stairs, he saw the janitress in the lobby of the hall, a fairly remote distance from the stairway and landing upon which the accident happened, and that at that time the janitress had a mop or other cleaning equipment in her hand.

The underlying principle in *Samuels* v. *Terry Holding Co., Inc.*, seems to exempt the defendant from liability where the stairs are in the process of being washed and where, by virtue thereof, the person using the stairs had notice of the likelihood of slipping during the course of cleaning. In the present case, however, it appears that the accident did not occur while the stairs were in the process of being cleaned but after the stairway had been cleaned and the janitress was in the process of cleaning the lobby, somewhat remote from the place of the accident. It has been held that, where cleaning has been engaged in and the person performing the act had left foreign substances on the stairway and had gone away, leaving the premises unguarded and had failed to dry and remove the soapy substance, liability could be found. The cause of the accident in the case under consideration appears to have been due to the failure on the part of the janitress to dry and mop up the landing during the process of cleaning the stairs and leaving the same in that condition after the cleaning of the stairs had been completed and after she was engaged in cleaning at a place remote from the stairway itself. This circumstance appears to the court to distinguish the case under consideration from the case of *Samuels* v. *Terry Holding Co., Inc.*

The motion to dismiss at the close of plaintiff's case, upon which the court reserved decision, is denied. I find judgment in favor of the plaintiff in the sum of $100. Ten days' stay; thirty days to make a case.