MARIE MOHL and EDWARD MOHL, Plaintiffs, *v.* THE CHASE NATIONAL BANK and ABRAHAM KAUFMAN, Defendants.

City Court of New York, Trial Term, Bronx County, December 7, 1936.

*Samuel Willner, Jr.,* for the plaintiffs.

*O. A. Thompson,* for the defendant.

DONNELLY, J.   The case appeared in its regular order upon the non-jury calendar of this court and was tried without a jury.   At the close of plaintiffs' case defendant rested and renewed its motion to dismiss.

The action by the plaintiff Marie Mohl is to recover for injuries sustained, as she alleges in her complaint, by reason of defendants' negligence in permitting the hallways, lobbies and staircases of the building on the premises to become wet and slippery.   The building is devoted to business; it is admitted that defendants reserved control of the hallways, lobbies and staircases.

In *Gondolfi* v. *Palisade Holding Co., Inc.* (152 Misc. 136); in *Amsterdam* v. *Hotel Astor, Inc.* (130 id. 656), and in *Baractaris* v. *Hofman* (162 id. 7, opinion by LIPPE, J.), the place where the respective plaintiffs fell was shown to be slippery because a soapy substance had been allowed to accumulate and remain there after the use thereof for cleaning had been completed.   In *Shearod* v. *Forty-first St. & Park Ave. Corp.* (254 N. Y. 608) there is a memorandum decision, without opinion, to the effect that there was a question of fact for the jury, where it was shown that the place

at which plaintiff fell was wet with soapy water. In that case it appears from an examination of the record on appeal that the washing had been completed fifteen minutes or more before the accident happened, and that there was an accumulation of soapy water at the place where the floor had been washed. In *Samuels* v. *Terry Holding Co.* (227 App. Div. 68; affd., 253 N. Y. 593) it was held that the circumstance that water was permitted to trickle down one flight of stairs to another while the stairs were being washed was not sufficient to raise an issue of fact as to the landlord's liability to be presented to the jury.

It seems to be established that liability cannot be predicated of a wet or soapy or slippery floor while the act of cleaning is in process. Liability may be shown where the lobby, the floor or the stairs were left in a wet, slippery and dangerous condition after the washing had been completed. Liability in such a case, of course, will depend upon the care or lack of it used in the cleaning and mopping up, and upon the length of time that elapses between the washing and the drying.

At bar the accident happened while the plaintiff Marie Mohl was in the building for the purpose of making a payment to Rex Cole Company, a tenant, which occupied an office on the third floor. Plaintiff went to the office, but she was unable to gain admittance thereto, as the office was closed, and, at that time, apparently unoccupied. The accident happened about one-twenty o'clock on a Saturday afternoon. Plaintiff turned around from the office door, walked about five steps from the door to the top of the landing on the third floor, put her hand on the banister of the staircase, and fell to the fifth or the sixth step below. Her testimony is: " I slipped just before I come (*sic*) to the steps and went down the stairs in the hall." There is testimony by plaintiff that as she sat on the step upon which she landed, the caretaker, who was on the floor above the hall where her fall started, " came down the stairs above me, and he had a mop stick in his hand and he threw it, and said: ' Oh, lady, I just cleaned up here, I just wiped up here.' " The step upon which plaintiff was then seated was wet; and, as she testified, " they wiped from the bottom up." It is contended that this testimony that " they wiped from the bottom up " permits the inference that the caretaker started his washing on the ground floor, and, when he had completed washing from the bottom to the floor above the one where plaintiff fell, he began to mop up at the bottom, thus leaving the place at which plaintiff fell wet. If it were granted that such an implication may be indulged, it cannot avail plaintiff. There is not a scrap of evidence that at the place where plaintiff started to fall it was wet or even moist.

In *Samuels* v. *Terry Holding Co.* (*supra*) plaintiff testified that as she came to the top of the flight of stairs leading from the fourth to the third floor, she slipped upon the soapy water which had accumulated there from the washing of the stairs above, and fell the length of the stairs. At bar, to say that as it was wet at the place where plaintiff's fall ended, it follows that the same condition existed where her fall started, is sheer assumption. There is no testimony from which it may be inferred that before or after he had finished washing, the caretaker left the place where plaintiff slipped or stumbled in a wet or slippery condition. Upon the record at bar, it is impossible to attribute the accident to a wet or slippery and dangerous condition at the place at which plaintiff's fall began, or to do anything more than to speculate about the cause of her accident.

Defendant's motion to dismiss the complaint is granted; exception to plaintiff. Ten days' stay and thirty days to make and serve case.