BERTA WALZ, Appellant, *v.* PAUL HELFER, INC., Respondent.

First Department, December 13, 1940.

*Stanley P. Meyerson* of counsel [*Edward L. Coffey*, attorney], for the appellant.

*Milton Turkel*, for the respondent.

MARTIN, P. J. The testimony establishes that plaintiff's fall occurred during the process of the washing of the floor in defendant's store. A photograph of the store is in the record, marked by plaintiff to indicate the spot where she fell and also where the porter was working, an intervening space of about four feet, according to the plaintiff. Under the circumstances, defendant is not liable. In *Samuels* v. *Terry Holding Co., Inc.* (227 App. Div. 68; affd., 253 N. Y. 593) the plaintiff wife slipped upon soapy water which had accumulated from the washing of the stairs above the flight which she was about to descend. In reversing judgments in favor of the plaintiffs and dismissing the complaint, Judge FINCH, writing for the court, said:

" If the plaintiff had slipped upon the stairs which were then in the process of being washed by the janitor, there is clear authority that no liability would be occasioned. As was said in a case where the plaintiff was injured by slipping upon the floor of a railroad station while it was being washed, in the dissenting opinion of Mr. Justice HENRY T. KELLOGG (now Judge KELLOGG) in *Curtiss* v. *Lehigh Valley R. R. Co.* (194 App. Div. 931), upon whose dissenting opinion the judgment and order were reversed in the Court of Appeals (233 N. Y. 554): ' We find no support either in reason or in authority for holding that there was any proof of negligence on the part of the defendant for submission to a jury.' (See, also, *Kipp* v. *Woolworth & Co.*, 150 App. Div. 283.)

" Since, therefore, there would be no negligence if the plaintiff slipped upon the stairs which were in the process of being washed, we find that such water as would trickle from these stairs down upon the next flight would be merely incidental to the necessary process of washing the stairs. * * * "

In the *Curtiss* case (*supra*) the contention that a more appropriate time for cleaning could have been found was rejected. We find no occasion to distinguish the liability of a storekeeper from that of the owner of an apartment house or a railroad maintaining a station for the convenience of the traveling public. The burdens of shopkeepers are now sufficiently heavy without suggesting that a force be maintained for cleaning outside of regular business hours.

The judgment should be affirmed, with costs.

TOWNLEY and COHN, JJ., concur; GLENNON and UNTERMYER, JJ., dissent and vote to reverse and grant a new trial.

UNTERMYER, J. (dissenting). The plaintiff entered the defendant's store at about half past ten of the morning of April 3, 1939, to make the final payment on a vacuum cleaner previously purchased by her. As she approached the counter where such payments are received she slipped and fell, sustaining the injuries for which this action is maintained. The plaintiff testified that the fall was caused by soap and water applied by the defendant's porter, then engaged in washing the floor. She testified that she had not observed the porter, who was then working at the left of the counter, nor had she observed that the floor was wet.

The trial was before the court without a jury. At the conclusion of the plaintiff's case the court reserved decision on the defendant's motion to dismiss the complaint and the defendant proceeded to introduce its evidence. Before the defendant had concluded, however, and before the plaintiff had been afforded an opportunity to offer evidence in rebuttal or had rested her case, the court dismissed the complaint on the ground that no negligence on the part of the defendant had been shown. We must, therefore, assume that the dismissal of the complaint was upon the defendant's motion made at the conclusion of the plaintiff's case on which decision had been reserved and that accordingly the plaintiff is entitled to the most favorable inference to be drawn from the facts.

In dismissing the complaint the court stated that the dismissal was not upon any theory of contributory negligence but that the conduct of the defendant in washing the floor with soap and water, though during the usual hours of business, did not constitute negligence. It is true that the rule is now established that the use of soap and water in washing stairs or floors, under many circumstances, does not constitute an act of negligence. (*Curtiss* v. *Lehigh Valley R. R. Co.*, 233 N. Y. 554; *Wigdorowitz* v. *Abrahams*, 237 App. Div. 81; *Samuels* v. *Terry Holding Co., Inc.*, 227 id. 68; affd., 253 N. Y. 593.) But these were cases where the premises of necessity were accessible to tenants of the building or to the public at all hours of the day and night and where accordingly the risk was unavoidable if the premises were to be cleaned at all. Other decisions, however, to some extent, have relaxed the rule in the presence of special circumstances. (*Eisenberg* v. *Kemp, Inc.*, 256 App. Div. 698; *McDonald* v. *Liggett Co.*, 241 id. 913.) If it be true as the Court of Appeals has said that the owner of a store, after notice, must use "care to remedy conditions which had become dangerous" on account of water brought in from the street (*Miller* v. *Gimbel Bros., Inc.*, 262 N. Y. 107), then it would seem that the triers of the facts might properly conclude that the owner should not create a similar condition if it could be prevented

by the exercise of reasonable care. (*Thompson* v. *Palladino*, 250 App. Div. 817; affd., 275 N. Y. 633.)

Although the use of soap and water in cleaning floors or stairs may not, therefore, under all conditions be found to constitute negligence, we think that a jury, or a judge exercising the functions of a jury, might decide that reasonable measures should be taken to mitigate the danger inherent in such an operation. (*Simpson* v. *Mary Lee Candies, Inc.*, Court of Appeals of Ohio, Ninth Judicial District, 2 Negligence Cases, 756.) Had the court in the present case weighed the necessity of maintaining the premises in a clean condition against the danger to be apprehended, it might have concluded that an obligation rested on the defendant to wash the floor before or after business hours rather than when the public was invited to its premises on the implied assurance that they were reasonably safe. (*Haefeli* v. *Woodrich Engineering Co.*, 255 N. Y. 442.) In the dissenting opinion in *Curtiss* v. *Lehigh Valley R. R. Co.* (194 App. Div. 931), on which the Court of Appeals reversed (233 N. Y. 554), relied on by the respondent, Justice KELLOGG rejected the contention that the floor of the defendant's railroad station should have been washed at a different time of the day, only for the reason that no other time would have been more appropriate or less dangerous.

We do not suggest that a jury, or a court sitting as a jury, must necessarily conclude that the acts of the defendant constituted negligence. We only insist that the question of the defendant's negligence and the plaintiff's contributory negligence should have been decided as an issue of fact.

The judgment should be reversed and a new trial ordered.

GLENNON, J., concurs.

Judgment affirmed, with costs.