ERNEST F. W. WILDERMUTH, Appellant, v. JOHN M. KEATING, Respondent.— On appeal by the plaintiff from an order made on the 4th day of August, 1944, resettling an order theretofore made on the 5th day of April, 1944, directing the examination of the plaintiff before trial, as an adverse party, and of one Henry Krinsky, as a witness, resettled order affirmed, without costs, the examination to proceed on five days' notice. No opinion. On appeal by the plaintiff from an order made on the 29th day of May, 1944, denying his motion to examine the defendant before trial, as an adverse party, order modified on the law and the facts by striking out the words "in all respects denied", and inserting in place thereof a provision granting the examination as to items "2" and "3" in the notice of examination, and in all other respects denying the motion. As thus modified, the order is affirmed, without costs, the examination to proceed on five days' notice. Plaintiff is entitled to show, if he can, that the document was false and that it was maliciously published. Hagarty, Acting P. J., Carswell, Johnston, Adel and Lewis, JJ., concur.

## (December 11, 1944.)

CENTRAL HANOVER BANK AND TRUST COMPANY, Respondent-Appellant, v. JAMES R. GOULD et al., Defendants, and REITHA E. BARSKY, Defendant-Appellant and Respondent.— In a foreclosure action, defendant Barsky appeals from an order and judgment (one paper) which allowed and fixed a deficiency of $1,361.10, while plaintiff cross-appeals from so much of the order and judgment as modifies the report of an official referee by reducing the deficiency from $2,361.10 to $1,361.10. Order and judgment unanimously affirmed, without costs. No opinion. Present — Hagarty, Acting P. J., Carswell, Johnston, Adel and Aldrich, JJ.

RICHARD COHEN, Respondent, v. HALLBRETT REALTY CORP., Appellant.— Defendant appeals from a judgment in favor of plaintiff, entered upon the verdict of a jury, in an action to recover damages for personal injuries claimed to have been sustained when he fell in the corridor outside of an elevator in a hotel operated by defendant, where the plaintiff was a permanent guest. The claim was that the floor of the corridor had been carelessly and negligently waxed within a short time before the accident, and the evidence was sufficient to establish that after the accident, when the plaintiff was assisted to his feet, there was a skid mark of considerable length on the floor of the corridor, with a ridge of wax at the end, and that the plaintiff had wax on his shoes, trousers, topcoat and hands. The evidence in the record was sufficient to establish the negligence of the defendant, and the verdict in favor of plaintiff was not contrary to the weight of the evidence. (*Harrison* v. *Senator-Ridge Corp.*, 265 App. Div. 956, affd. 290 N. Y. 770.) The verdict was not excessive. Judgment unanimously affirmed, with costs. Present — Close, P. J., Carswell, Adel, Lewis and Aldrich, JJ.