LILYAN McPHERSON, Respondent, *v.* GRANT ADVERTISING, INC., Respondent-Appellant, and JOHN BARRY et al., Individually and Doing Business as BARRUC FLOOR FINISHING COMPANY, Appellants.

First Department, April 21, 1953.

*Richard Formidoni* of counsel (*Leo M. Brimmer,* attorney), for appellants.

*William L. Shumate* of counsel (*Andrews, Baird & Shumate,* attorneys), for respondent-appellant.

*J. Stanley Cohen* for respondent.

VAN VOORHIS, J. Plaintiff is a statistician. During one evening she did some work for appellant Grant Advertising, Inc. (hereafter called Grant), at its offices in the Empire State Building. Grant had contracted with appellants Barry and

Ruckell, doing business as Barruc Floor Finishing Co. (hereafter called Barruc), to clean and wax the floors. After finishing her statistical work at a little later than ten o'clock, she had a brief conversation in the office manager's office, and then entered the cloakroom, at a short distance, to get her gloves and hat before departing. She slipped and fell on the floor of the cloakroom, sustaining the injuries which have resulted in the judgment against both appellants, which also awards to Grant recovery over against Barruc.

The complaint charges Grant with negligence in failing to furnish plaintiff, an independent contractor, with a safe place in which to work, in directing her to work on a floor alleged to have been covered with liquid wax, failing to post a warning of danger, and failing to supervise the activities of the employees of Barruc " so that the floor might not become covered with liquid wax ". Barruc is charged with negligence " in waxing the floor improperly at a time when plaintiff was working, and in leaving the floor in a highly polished and freshly waxed condition, in abandoning part of their work without seeing that the surface of the floor was dried, and in waxing so negligently as to leave the floor waxy, smooth and slippery and in failing to anticipate that the plaintiff, who was present by invitation of the defendant Grant, necessarily would be required to use the floors as a means of passage."

The controlling question upon this appeal is whether the evidence sustains these allegations. Plaintiff testified that she did her statistical work in a private office in Grant's offices, that she saw Barruc's men moving furniture around and cleaning the floors just outside, and that before the accident she observed that the corridor was being waxed that led into the cloakroom which was five feet away from the office in which she did her work. After falling, she saw a skid mark on the floor, and stated that what was on the floor looked like wax. She was asked " When you looked, did you see, was it dry? A. When I looked, it looked wet. Q. All right. A. It hadn't been shiny yet ". At another point, she said: " It looked like wax that hadn't been shined off ". She also testified that she found spots of wax on her dress and on a shoe. The cloakroom was lighted when she fell.

The work of cleaning and waxing these floors commenced after usual business hours, and lasted until 3:00 A.M. The first and lengthiest procedure was to scrub the floors throughout the offices, which was followed by spreading wax with mops. The final operation was polishing the floor with a mechanical

device. Although other witnesses testified that waxing had not begun near the cloakroom, it could be inferred from plaintiff's testimony that the first two operations, but not the third, had been completed in the cloakroom when her accident occurred. That is the basis on which her case went to the jury, and represents the most favorable interpretation of the evidence in her favor.

Even so, it is undisputed that the work of finishing the floors in Grant's offices had not been completed but was still in progress when she fell. Her case depends upon there being some evidence to sustain her contention, as stated in her brief upon this appeal, " that there was excessive wax on the floor ". That allegation has not been sustained, nor is there anything in the evidence from which it can be inferred that the floor was being waxed otherwise than according to common practice.

In cases where verdicts have been sustained for slipping on floors in stores or other public places, negligence has usually consisted in defective work, such as leaving the floor in unusually slippery condition after the job has been completed (*Harrison* v. *Senator-Ridge Corp.*, 290 N. Y. 770; *Budrow* v. *Grand Union Co.*, 302 N. Y. 804; *Conroy* v. *Montgomery Ward & Co.*, 300 N. Y. 540; *Gough* v. *Wadhams Mills Grange*, 279 App. Div. 825; *Cohen* v. *Hallbrett Realty Corp.*, 268 App. Div. 995; *Palenius* v. *Fishman Co.*, 267 App. Div. 769).

Upon the other hand, this court said in *Eisenberg* v. *Kemp, Inc.* (256 App. Div. 698, 702): " Washing and waxing a floor is not in and of itself inherently dangerous, though in both operations parts of the floor during the actual process are necessarily made temporarily wet and slippery. Defendant Kemp had the right to hire the cleaning company to wax the lobby floor in the usual, proper and customary way, and no negligence could be predicated against either defendant merely from the fact that while the floor under Kemp's orders was being waxed by the cleaning company plaintiff slipped and fell. (*Curtiss* v. *Lehigh Valley R. R. Co.*, 233 N. Y. 554, revg. on the dissenting opinion of KELLOGG, J., in 194 App. Div. 931; *Kipp* v. *Woolworth & Co.*, 150 id. 283, 285; *Abbott* v. *Richmond County Country Club*, 211 id. 231, 233; *Mona* v. *Erion*, 223 id. 526, 528.) " The cases cited amply sustain this proposition. *Abbott* v. *Richmond County Country Club* was affirmed at 240 New York 693. The dissenting opinion of H. T. KELLOGG, J., on which the Court of Appeals reversed in *Curtiss* v. *Lehigh Valley R. R. Co.*, states: " The floors in a railway station must frequently be washed, and they cannot be washed without becoming to some extent wet and slippery. Therefore, it is difficult to see wherein the

defendant was in any wise negligent for having wet and slippery floors at the moment of the accident. It is suggested that the defendant should have washed a small portion of the floor, allowing it to dry before washing another portion. The plaintiff herself found it necessary to walk from the door to the ticket office and to the waiting room and return. Many other waiting passengers may have found it necessary to travel the same course. Consequently, dry places could not be maintained by piecemeal washing at all points where passengers might walk." (194 App. Div. 931, 932.)

Appellant Grant's office floors had to be cleaned and waxed at some time, and this work was being done at night when the least number of people were likely to be upon the premises. In *Eisenberg* v. *Kemp, Inc.* (*supra,* p. 703), this court held, to be sure, that a question of fact was presented, for the reason that it was for the jury to say under the circumstances there presented, whether " Kemp should have seen to it that some form of notice or warning was given to plaintiff and if none was given the jury could find Kemp guilty of negligence." The floor was being oiled or waxed in front of the elevators at the time of the accident in that case, in a place not readily discernible to one stepping from an elevator in the exercise of ordinary care. A jury question was held to have been presented concerning whether Kemp, the proprietor of the space, should have invited the plaintiff therein to encounter such a condition, without any warning that the work was in progress. With regard to the cleaning company, the court there stated that it would be liable if the jury found from the evidence that " the cleaning company should have anticipated that persons having the right to use the premises might at the time be expected to step from the elevators," in which event it was also for the jury to say whether it " should have posted or given some form of notice or warning to persons stepping from the elevator into the lobby while it was oily and wet, and if none was in fact given the jury could find the cleaning company also guilty of negligence." This court concluded: " The trial court's failure to submit to the jury the issues of notice or warning as above defined was error." (P. 703.)

Although plaintiff in the instant case was an invitee, as a business guest, she admitted that she knew that the floors were being cleaned, and testified that during the evening, prior to the time when she fell, she " had to pass the corridor that led into the cloak room and that was being waxed." Inasmuch as it thus appears that she knew that the floors were being waxed,

close by where she slipped and fell, she possessed whatever information a warning would have given.

The floors had to be cleaned and waxed at some time, and, although a jury question might have been presented if the floor had been left in an unsafe condition after the work had been completed, defendants would be subjected to a greater burden than the law imposes if they were required to insure that the floors of these offices would be in their normal condition at each stage of the process of washing and waxing them, at least as regards plaintiff who already knew that the work was in progress in the immediate vicinity of her accident.

The judgment appealed from should be reversed, with costs, and the complaint dismissed.

PECK, P. J., DORE and BREITEL, JJ., concur.

Judgment unanimously reversed, with costs to the appellants and judgment is directed to be entered in favor of the appellants dismissing the complaint herein, with costs.