■    MARY SHARAC et al., Respondents, v. JAMES PERRETTA et al., Appellants.— In an action by respondent Mary Sharac to recover damages for personal injuries and by her husband for medical expenses and loss of services, the appeal is from a judgment, entered after trial before the court without a jury, in favor of respondents. Respondents were tenants in an apartment building owned by the appellants. Respondent wife was descending the stairway in the building while it was being washed by appellants' superintendent. The testimony of the respondent wife was undisputed that while holding on to the banister, she reached a landing and hesitated when she saw the superintendent wiping a step. She asked the superintendent if she might pass. The superintendent wiped a little more, rose, put her pail to the side of the landing where the banister was, motioned for respondent wife to go ahead and said " All right, I'm finished." Because the pail was placed on the side near the banister, respondent wife walked to the opposite side of the landing near the

wall, took one step, slipped and fell. There was testimony that the steps were quite wet as if they had not been wiped. Judgment affirmed, with costs. A finding is made that appellants' superintendent put the pail to the side, impeding descent alongside the banister, before she motioned for respondent wife to proceed, and said "All right, I'm finished." The question of contributory negligence was one for determination by the trier of the facts (*Nelson* v. *Nygren*, 259 N. Y. 71, 76) as was the question of negligence. The factors mentioned took the case out of a situation where negligence was being attributed solely to the fact that the steps were being washed or had been washed very shortly before the accident (see, e.g., *Johnsen* v. *Staten Is. Hosp.*, 265 N. Y. 658, 271 N. Y. 519; *Shearod* v. *Forty First & Park Ave. Corp.*, 254 N. Y. 618; cf. *De Vries* v. *Anderson*, 276 App. Div. 859). Wenzel, P. J., Beldock, Murphy and Kleinfeld, JJ., concur; Ughetta, J., dissents and votes to reverse the judgment and to dismiss the complaint, with the following memorandum: The mere fact that soapy water is used to wash the stairs or floor of a multiple dwelling or public building, causing a slippery condition while the washing is being done, does not constitute any proof of negligence on the part of the owner (*Samuels* v. *Terry Holding Co.*, 227 App. Div. 68, affd. 253 N. Y. 593; *Curtiss* v. *Lehigh Val. R. R. Co.*, 233 N. Y. 554, revg. 194 App. Div. 931; *De Vries* v. *Anderson*, 276 App. Div. 859). I do not regard the fact that the superintendant moved the pail to the banister side of a three-foot wide stairway, in order to permit respondent wife to pass, as requiring a deviation from the general rule. *Shearod* v. *Forty First & Park Ave. Corp.* (254 N. Y. 618) and *Johnsen* v. *Staten Is. Hosp.* (265 N. Y. 658) are clearly distinguishable on the facts.