■ CELIA A. SILVA, Appellant, v. AMERICAN IRVING SAVINGS BANK, Defendant and Third-Party Plaintiff-Respondent. BRADLEY CLEANING CONTRACTORS CORP., Third-Party Defendant-Respondent.— Judgment herein appealed from, affirmed, without costs or disbursements to either party. Plaintiff did not establish actionable negligence on the part of the defendant bank either in the application of the wax or the maintenance of the floor. Nor did plaintiff show that defendant bank had prior notice or should have known of the alleged dangerous condition created by the waxing of the floor done by the third party defendant pursuant to an employment contract. (Nelson v. Salem Danish Lutheran Church, 270 App. Div. 1030, affd. 296 N. Y. 870; Paddock v. Church of St. Baranabas, 24 A D 2d 716; Elias v. Heller, 23 Misc 2d 201, affd. 16 A D 2d 760.) Concur — Stevens, J. P., Eager, McGivern and Bastow, JJ.; Capozzoli, J., dissents in the following memorandum: Plaintiff fell on the waxed tile portion of the floor in defendant bank. She testified that, after the fall, she noticed that there were pieces of wax on the floor, that the floor was "very shine" and there was a line on the floor about one yard in length, leading to her left heel. She further testified that she observed wax on her heels, shoes, stockings and coat, with most of the wax being on her left heel. This testimony established a prima facie case. (Davis v. Kresge Co., 267 App. Div. 850; Cohen v. Hallbrett Realty Corp., 268 App. Div. 995.) Therefore, the trial court erred in dismissing the complaint and in failing to send the case to the jury for its determination. I dissent and vote to reverse and remand for a new trial.