■ RUTH V. DIEHR et al., Respondents, v ASSOCIATION FOR RETARDED CITIZENS OF CHEMUNG COUNTY, Defendant-Appellant and Third-Party Plaintiff-Respondent. PUROLATOR PRODUCTS COMPANY, Third-Party Defendant-Appellant et al., Third-Party Defendants. [650 NYS2d 396] —Carpinello, J. Appeal from an order of the Supreme Court (Ellison, J.), entered December 19, 1995 in Chemung County, which (1) denied the motion of defendant for summary judgment dismissing the complaint, and (2) denied the cross motion of third-party defendant Purolator Products Company for summary judgment dismissing the third-party complaint against it.

This action arises out of injuries sustained by plaintiff Ruth

V. Diehr (hereinafter Diehr) at the offices of third-party defendant Purolator Products Company on January 2, 1992. Diehr, a Purolator employee, allegedly slipped and fell on a newly waxed floor, fracturing her left femur. The Purolator plant had been closed for several days during the holidays, and Purolator had retained the services of defendant to strip and wax the floors of the facility while the facility was closed. Plaintiff's fall occurred in a first-floor hallway at approximately 10:00 A.M. on the first working day after the floor was stripped and waxed. In her complaint, plaintiff alleged, *inter alia*, that defendant had applied the wax in a negligent fashion, causing the floor to become slippery and unsafe for use.

Defendant moved for summary judgment and Purolator cross-moved for summary judgment. Supreme Court denied defendant's motion for summary judgment, concluding that plaintiffs had raised a question of fact as to whether the wax was properly applied. The court granted Purolator's cross motion for dismissal of the third-party complaint on the grounds that there was no evidence that Purolator exercised any control over the manner in which the job was performed and no evidence that Purolator had actual or constructive notice of any dangerous condition in the hallway prior to Diehr's fall. Defendant moved to reargue and/or renew, which motion was granted. Upon reargument, Supreme Court adhered to its prior decision denying defendant's motion for summary judgment, but this time denied Purolator's cross motion for summary judgment as well. The court concluded that a question of fact existed as to whether the poor condition of the floor contributed to Diehr's accident. Defendant and Purolator appeal.

Supreme Court properly concluded that questions of fact exist as to whether the floor finish was applied in a negligent manner. "That a floor is slippery * * * does not give rise to a cause of action for negligence absent evidence of a negligent application of wax or polish" (*Yaroschak v Suffern Window Cleaning Co.*, 174 AD2d 887, 888; *see, Pizzi v Bradlee's Div.*, 172 AD2d 504, 505-506). In this case, the record reveals a triable issue of fact as to whether defendant's buffing of the floor upon which Diehr fell created a dangerous condition (*see, Manning v New York Tel. Co.*, 157 AD2d 264, 266).

There is evidence that the floor upon which Diehr fell was very dirty. One of the two men who stripped and waxed the floor testified that he had used a machine to heavily buff that portion of the floor upon which Diehr fell. Plaintiffs' expert, who has a background in polymers technology, stated that it was not proper procedure to buff a floor in a dirty condition

because the heat of the buffer would cause the oil, dirt and grease trapped in the floor tiles to migrate to the surface, where they could form a thin film that would make the floor slick. There was also testimony in the record from an employee of third-party defendant S. C. Johnson and Son, Inc. to the effect that the wax must have been properly applied because the record indicates that the floor was shiny at the time of Diehr's fall and there were no noticeable streaks or blotches. However, we find that the disagreement between these experts merely creates a question of credibility to be resolved by the finder of fact (*see, Meseck v General Elec. Co.*, 195 AD2d 798, 799-800).

We disagree, however, with Supreme Court's denial of Purolator's motion for summary judgment dismissing the third-party complaint. In order to establish a prima facie case, defendant was required to demonstrate that Purolator created the allegedly dangerous condition that caused the accident or that it had either actual or constructive notice of the condition (*see, Madrid v City of New York*, 42 NY2d 1039; *Milea v Ames Dept. Store*, 219 AD2d 798, 798-799; *Leary v North Shore Univ. Hosp.*, 218 AD2d 686, 687; *Wessels v Service Mdse.*, 187 AD2d 837).

Although there was evidence in the record that the floor was in generally poor condition, defendant has not demonstrated that the floor in and of itself, although dirty and worn, constituted a dangerous condition. Indeed, Diehr testified that the floor where she fell was not uneven and did not look worn or crumbling, though she did testify that it appeared shinier than the surrounding floor. While plaintiffs allege that the *waxing* of this dirty, worn floor created a dangerously slippery condition that resulted in Diehr's fall, there is no evidence that Purolator was aware that waxing the floor could cause it to become slippery. A custodial supervisor who oversaw the stripping and waxing of the floor for defendant testified that she did *not* tell anyone at Purolator that the generally poor condition of the floor could cause it to become slippery when waxed. There was no evidence that grease or any other foreign substance had spilled or been tracked into this area. The accident occurred at 10:00 A.M. on the first day that the plant reopened after the floors were waxed. There is no evidence of any prior accidents.

In short, we find that Purolator has made a prima facie showing that it did not create the slippery condition or have actual or constructive notice of the condition (*see, Maiorano v Price Chopper Operating Co.*, 221 AD2d 698, 699; *Balaj v Equitable Life Assur. Socy.*, 211 AD2d 487, 487-488, *lv denied* 85 NY2d

811). Defendant has failed to demonstrate the existence of a genuine question of fact regarding Purolator's notice of the allegedly dangerous condition (*see, Madrid v City of New York, supra*, at 1039; *Silva v American Irving Sav. Bank*, 31 AD2d 620, *affd* 26 NY2d 727). Purolator's motion for summary judgment, insofar as it sought dismissal of the third-party complaint, should have been granted.

Cardona, P. J., Mercure, White and Casey, JJ., concur. Ordered that the order is modified, on the law, with costs to third-party defendant Purolator Products Company against defendant, by reversing so much thereof as denied the cross motion of third-party defendant Purolator Products Company for summary judgment dismissing the third-party complaint against it; cross motion granted, summary judgment awarded to said party and third-party complaint dismissed against it; and, as so modified, affirmed.